(670 P.2d 1369)
No. 55,987

KANSAS CITY POWER & LIGHT COMPANY, *Appellant,* v. STATE COR-
PORATION COMMISSION OF THE STATE OF KANSAS, *Appellee.*

Opinion filed October 27, 1983.

*John R. Casteel,* of Rinehart, Bright & Hartley, of Paola, and *Eric T. Swanson,* of Kansas City, Missouri, for appellant.

*Dennis D. Ahlers,* Assistant General Counsel, Kansas Corporation Commission, for appellee.

Before ABBOTT, P.J., REES and PARKS, JJ.

PARKS, J.: The Kansas City Power and Light Company (KCPL) appeals from the order of the Kansas Corporation Commission (KCC) denying its application for an electric transmission line siting permit. K.S.A. 66-1,177 *et seq.*

On March 24, 1983, KCPL filed with the KCC its application for a siting permit to construct a 345 kilovolt electric transmission line from the Wolf Creek electric generating station in Coffey County, Kansas, to KCPL's West Gardner Substation in Johnson County, Kansas. This application was denied by the KCC on June 16. Following the denial of its application for rehearing, KCPL timely filed its application for judicial review in this court. K.S.A. 66-1,181.

Our scope of review is limited to whether the orders or decisions of the KCC are lawful and reasonable. K.S.A. 66-118d. An order is lawful if it is within the statutory authority of the commission and if the prescribed statutory and procedural rules are followed in making the order; it is generally considered

reasonable when based upon substantial competent evidence. *Ash Grove Cement Co. v. Kansas Corporation Commission,* 8 Kan. App. 2d 128, 130, 650 P.2d 747 (1982); *Central Kansas Power Co. v. State Corporation Commission,* 221 Kan. 505, Syl. ¶ 1, 561 P.2d 779 (1977). The issue in this case is whether the KCC acted within its statutory authority in denying KCPL's request for a permit to construct an electric transmission line under the Kansas Siting Act.

The Kansas Siting Act prohibits the exercise of eminent domain or site preparation for the construction of electric transmission lines prior to a hearing before the KCC and the grant of a siting permit. Only electric transmission lines which are at least five miles in length and which are used for the bulk transfer of 230 kilovolts or more of electricity are regulated. K.S.A. 66-1,177(*b*). The application for a siting permit must set forth the proposed location, the names and addresses of the landowners whose land is proposed to be acquired in connection with the construction of the line and such other information as may be required by the commission. The commission shall then fix a time for a public hearing *to determine the reasonableness of the location of the proposed electric transmission line.* K.S.A. 66-1,178. Within thirty days after the conclusion of the hearing, the commission is required to make its decision with respect to the *reasonableness of the location* of the proposed electric transmission line and issue or withhold the permit applied for. K.S.A. 66-1,180. An electric utility which complies with the National Environmental Policy Act of 1969 is exempt from the provisions of this act. *McGinnis v. Kansas City Power & Light Co.,* 231 Kan. 672, Syl. ¶ 2, 647 P.2d 1313 (1982); K.S.A. 66-1,182. Finally, the electric utility which constructs an electric transmission line has a duty to restore the land to the condition which existed prior to such construction. K.S.A. 66-1,183.

The findings and conclusions filed in this case reveal that the KCC reaffirmed and adopted the same criteria which it had consistently applied in judging the reasonableness of proposed transmission lines; namely, necessity, cost, utility, environmental and aesthetic impact and alternative routes. The KCC further concluded that a line that is unneeded is unreasonable per se and that the applicant in this case had not met its burden of demonstrating the proposed line is necessary. KCPL contends

that necessity has no part in a siting permit hearing and that the KCC acted unlawfully in considering any criteria unrelated to the environmental impact of the proposed location of the line.

It was conceded at oral argument that the KCC in making its decision relied upon the provisions of the Kansas Siting Act (K.S.A. 66-1,177 *et seq.*) and not K.S.A. 66-131 which authorizes the commission to issue a certificate of convenience and authority to do business in this state. Therefore, we must determine what authority the legislature conferred on the commission when it enacted the Kansas Siting Act in 1979 by construing the act itself.

The fundamental rule of statutory construction to which all others are subordinate is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. When a statute is plain and unambiguous the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. *Szoboszlay v. Glessner*, 233 Kan. 475, 478, 664 P.2d 1327 (1983).

The provisions of the Kansas Siting Act only direct a determination of the reasonableness of the location of the proposed electric transmission line. K.S.A. 66-1,178 and K.S.A. 66-1,180. No authority is granted to determine the necessity or public convenience of the line. In addition, the provision relating to the notice to be given landowners indicates that the focus of the inquiry is to be centered on the impact of the proposed line on the specific tracts it would cross.

By contrast, a similar act pertaining to electric generation facilities known as the Plant Siting Act, K.S.A. 66-1,158 *et seq.*, requires the KCC to consider the necessity for the proposed plant or addition on a number of specified levels. K.S.A. 66-1,162. This act was passed in 1976 but amended in 1979, the same year the siting act for transmission lines was enacted. Interestingly, an early version of the Kansas Siting Act, H.B. 2130, incorporated the siting permit requirement for transmission lines into the Plant Siting Act such that the scope of the KCC inquiry into granting a siting permit for either transmission lines or generation facilities would have been the same. This bill was not enacted. Instead, the law concerning transmission lines is a separate set of provisions without reference to any consideration of necessity. Therefore, it is clear that had the legislature in-

tended to make a finding of necessity a requirement under the Kansas Siting Act, it could easily have done so.

We conclude that the inquiry authorized by the Kansas Siting Act is confined to a determination of the reasonableness of the location of the proposed transmission line and that such an inquiry does not include a review of the necessity for the line. Therefore, we hold that when an application for a permit under the Kansas Siting Act (K.S.A. 66-1,177 *et seq.*) is denied on the grounds that necessity is a proper criterion for examining the reasonableness of the location of an electric transmission line and that the necessity for the line has not been demonstrated, the order exceeds the statutory authority granted the KCC and is unlawful.

Reversed and remanded with directions to consider the reasonableness of the location of the proposed transmission line from the Wolf Creek electric generating station in Coffey County to KCPL's West Gardner Substation in Johnson County, Kansas, pursuant to the Kansas Siting Act.