(702 P.2d 1385)

No. 57,050

In the Matter of the Adoption of J. G., a Minor Child.

Petition for review denied September 27, 1985.

Opinion filed July 25, 1985.

*Dennis R. Davidson,* of Thompson, Arthur & Davidson, of Russell, for appellant father.

*John Sherman,* of Aylward, Svaty & Sherman, of Ellsworth, for appellee stepfather.

Before FOTH, C.J., REES and PARKS, JJ.

REES, J.: In this adoption case, respondent, the natural father of the minor child J.G., appeals from a decree of adoption entered in favor of petitioner, J.G.'s stepfather. Dispositive of this appeal is our resolution of the question whether a natural parent may revoke his written consent, acknowledged before an officer authorized by law to take acknowledgments, before the consent is filed of record in the district court.

Briefly, the relevant factual background is this: On April 23, 1983, respondent, who was then separated from J.G.'s mother, signed and acknowledged a "general" or "blanket" consent to the adoption of J.G. (see *In re Adoption of Chance,* 4 Kan. App. 2d 576, 583-85, 609 P.2d 232, *rev. denied* 228 Kan. 806 [1980]). The acknowledgment was certified by a notary public. No adoption was imminent at that time. On May 2, 1983, respondent and J.G.'s mother were granted a divorce by emergency decree. Custody of J.G. was awarded to the mother. By May 27, respondent had changed his mind about the consent. On that date, respondent's attorney notified the mother and petitioner and their attorney by telephone and in writing that respondent revoked his consent to any adoption of J.G. On June 4, petitioner and J.G.'s mother were married. Four days later, petitioner commenced this action in the district court by filing his petition to adopt J.G. Respondent's and the mother's written consents were filed with the petition.

At the hearing on the petition, respondent argued, among other things, that because he had revoked his consent before it was filed of record in the district court his consent was invalid. The district court rejected that argument, finding

"That [respondent's] notice to [J.G.'s mother] and Petitioner of his intent to revoke his Written Consent to Adoption prior to the time said written consent was filed with the District Court was ineffective to revoke said consent and that said consent could only be revoked by a showing that it was not freely and voluntarily given."

The court also found that the consent was freely and voluntarily given, and entered an order granting adoption of J.G. to petitioner and the mother. We reverse.

The natural parents' consent to adoption of their child, where required by statute, is an essential requisite to the jurisdiction of the court to render a valid decree. *In re Adoption of Chance,* 4 Kan. App. 2d at 582. K.S.A. 59-2102 sets forth the requirements of a valid consent:

"(c) Consent in all cases shall be in writing and shall be acknowledged before the judge of a court of record or before an officer authorized by law to take acknowledgments. If consent is acknowledged before a judge of a court of record, the consent shall be irrevocable. If consent has been given in writing and has been filed of record in the district court, the consent may be revoked, but only if, prior to final decree of adoption, the consenting party alleges and proves that the consent was not freely and voluntarily given."

We find it clear from the plain language of this statute that *filing of record in the district court* is a prerequisite to the irrevocability of a freely and voluntarily given written consent acknowledged before an officer authorized by law to take acknowledgments. When a statute is plain and unambiguous the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. *Kansas City Power & Light Co. v. Kansas Corporation Commission,* 9 Kan. App. 2d 49, 51, 670 P.2d 1369, *rev. denied* 234 Kan. 1076 (1983).

Relying on language in *In re Adoption of Trent,* 229 Kan. 224, 624 P.2d 433 (1981), petitioner urges that K.S.A. 59-2102(c) operates to make written and notarized consents irrevocable *from the moment they are signed,* barring proof by the consenting party that the consent was not freely and voluntarily given. 229 Kan. at 230. We disagree. For four reasons, we find *Trent* does not call for affirmance of the case before us.

First, the issue in *Trent* was whether the natural mother's consent was valid when it had been acknowledged in Missouri by a Kansas notary public; *Trent* did not involve or discuss the issue before us. (In *Trent,* the mother attempted to revoke her written, acknowledged consent after the adoptive parents had filed it.) Second, the Supreme Court recognized in *Trent* that "a written consent *filed in the district court* becomes irrevocable absent proof that the consent was not freely and voluntarily given." (Emphasis added.) 229 Kan. at 228. See also *Treiber v. Stong,* 5 Kan. App. 2d 392, 396, 617 P.2d 114, *rev. denied* 228 Kan. 807 (1980). Third is the policy that adoption statutes are to be strictly construed in favor of maintaining the rights of the natural parents in controversies involving termination of the parent-child relationship. *E.g., In re Adoption of Chance,* 4 Kan. App. 2d at 582. Finally, allowing a natural parent to revoke a notarized consent *before* the consent is filed in the district court appears to accord with legislative policy: to stabilize adoption by preventing revocation on a mere whim, which upsets the legitimate expectations of the child and adopting parents *"once the adoption process has begun."* (Emphasis added.) *In re Adoption of Iron,* 235 Kan. 540, 552, 684 P.2d 332 (1984). See also *Treiber v. Stong,* 5 Kan. App. 2d at 396. ("The purpose of the statute was to establish rules between the natural parent or parents and the prospective adoptive parents on when and under what circumstances a consent to adoption can be revoked.")

We conclude and hold that a natural parent may revoke his or her written consent to an adoption, acknowledged before an officer authorized by law to take acknowledgments, at any time before the consent has been filed of record in the district court. Our holding does not affect consents acknowledged before a judge. See K.S.A. 59-2102(c). Nor do we express an opinion on what may constitute a sufficient notice of revocation since all parties in this case concede they knew of respondent's revocation before his consent was filed.

Reversed with directions that the decree of adoption be set aside.