(659 P.2d 232)

No. 54,091

FEDERAL NATIONAL MORTGAGE ASSOCIATION, *Appellee*, v. ELIZA-BETH BEARD, *et al.*, *Appellant*.

Opinion filed February 17, 1983.

*John E. Wilkinson*, of Topeka, for appellant.

*Richard L. Reid*, of Kansas City, for appellee.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

MEYER, J.: Defendant Beard appeals denial of her motion to set aside a default judgment foreclosing a mortgage and ordering the sale of the subject real property.

Elizabeth Beard executed a mortgage on May 10, 1974, to National Homes Acceptance Corporation, covering real property commonly known as 116 Minnesota, Lawrence, Kansas. The mortgage was assigned to plaintiff, Federal National Mortgage Association (FNMA) on May 22, 1974. On May 5, 1981, FNMA filed a petition of foreclosure alleging Beard had been in default since October 1, 1980.

A summons was issued for personal service on Beard May 5, 1981. Floyd Baker, deputy sheriff, attempted service at the address listed in the petition as Beard's residence, Route 1, Box 249, Lawrence, Kansas, and at two other places, without success. The summons was returned indicating service was not made

after diligent search and inquiry. Baker testified that over the last couple of years he and other officers had made numerous attempts to serve Beard, but had never found evidence of anyone living at the aforementioned residence on Route 1.

On June 11, 1981, FNMA filed an affidavit for service by publication, listing Beard as a defendant whose residence was unknown. A notice of suit was published June 15, 22, and 29, 1981. FNMA did not mail a copy of the publication notice to Beard. A default judgment was entered August 28, 1981, and an order of sale was filed September 15, 1981.

On October 9, 1981, Beard filed a motion to set aside the default judgment and to enjoin the sheriff's sale, arguing that invalid service of process had deprived her of due process of law. Beard alleged she was unaware, until October 3, 1981, that a judgment had been entered or that the property was to be sold. She stated that a letter from FNMA, returning uncashed her tendered mortgage payment check and providing information relating to the foreclosure action, had been mailed to her and received by her at the Route 1 address. This letter demonstrated that her whereabouts were known to FNMA; therefore, her reasoning continued, she should have been personally served, or at least should have received a mailed copy of the publication notice.

In an affidavit filed in opposition to the motion, FNMA's attorney stated that checks were returned to Beard by letters dated May 20, June 25, July 27 and September 28, 1981; all these letters were addressed to Route 1, Box 249, Lawrence, Kansas. The May and June letters were sent by certified mail and the return receipts were signed by Beard. The attorney asserted he enclosed a copy of the petition in the May letter, although the body of the letter did not refer to such an enclosure. The letters stated that only a payment in full of the mortgage would be accepted, because the foreclosure petition had already been filed.

Following a hearing on the motion, at which both Beard and Deputy Sheriff Baker testified, the district court ruled FNMA had made a reasonable effort to ascertain defendant's residence. The court further ruled FNMA had no other alternative but to obtain service by publication, which it did pursuant to statute.

The first issue is whether the service by publication complied with K.S.A. 60-307 and due process standards.

The distinction between knowledge of a defendant's residence and knowledge of a defendant's mailing address is the critical consideration in this case. Beard's residence remains unknown, but at all times during this action, FNMA was aware of Beard's mailing address.

Since personal service was unsuccessful after diligent search by the deputy, service by mail or publication was appropriate under K.S.A. 60-307(*a*)(3) which states in part:

"Service may be made either by mail where the address is known, or by publication in any of the following cases:

. . . .

"(3) In actions which relate to or the subject of which is real . . . property in this state, where any defendant has or claims a[n] . . . interest, vested or contingent, therein, or the relief demanded consists . . . [of] foreclosure of a lien, and . . . where plaintiff with due diligence is unable to make service of summons upon the defendant within the state."

K.S.A. 60-307(*b*) states the process provisions shall be construed as separate and permissive methods of obtaining service. Therefore, FNMA could choose service by publication rather than by mail.

K.S.A. 60-307(*d*)(1) states:

"Before service by publication as provided in this section can be made, one of the parties or his or her attorney shall file an affidavit stating such of the following facts as are applicable:

"(1) The *residences* of all named defendants sought to be served, if known, and the names of all such defendants whose *residences* are unknown after reasonable effort to ascertain the same." (Emphasis added.)

However, the example of the affidavit given at K.S.A. 60-307(*d*)(5) states:

"Such affidavit shall be in substantially the following form:
(Name of Court)
_____, Plaintiff,

vs.

(Name of first defendant), et al., Defendants.
(AFFIDAVIT)
"STATE OF KANSAS, _____ COUNTY, ss: _____ of lawful age, being first duly sworn, states

"1. That he or she is (plaintiff or defendant, or an attorney for such) in the above action and makes this affidavit for the purpose of obtaining service by publication upon the parties named herein.

"2. That the defendants on whom service by publication is sought and whose *names and addresses* are known are as follows: *(Names and addresses).*

"3. That the defendants on whom service by publication is sought whose names are known but whose *residences* are unknown notwithstanding reasonable effort of the affiant to ascertain the same are as follows: (Names).

"4. That affiant does not know and with reasonable diligence is unable to ascertain the names or residences of any of those classes of unknown persons who are or may be concerned in the subject of this litigation, as mentioned in K.S.A. 60-307, subsection (*a*)(5), and amendments thereto, but that he or she desires to include all such in his or her constructive service.

"5. That the said (plaintiff or defendant) is unable to procure personal service of summons on any of the said defendants within this state.

"6. That this action is one of those mentioned in K.S.A. 60-307 subsection (*a*)(1 to 4, inclusive), and amendments thereto.

_____
(Signature)

(JURAT)" (Emphasis added.)

The term address instead of residence is also used in K.S.A. 60-307(*f*):

"The party seeking to secure service by publication shall, within seven (7) days after the first publication, mail a copy of the publication notice to each defendant whose address is stated in the affidavit for service by publication."

K.S.A. 60-307 was initially adopted in 1963 and has been slightly amended. Comparison of this statute with its predecessors, G.S. 1949, 60-2525, -2526, -2527 (1961 Supp.) provides a clue to the apparently inconsistent use of the terms "residence" and "address" within the statute. Prior to the 1963 enactment, service by mail was not allowed as an alternative to personal service. Therefore, the predecessor statutes were only concerned with whether the residential address of the defendant sought to be served was known. Also, these statutes did not require a copy of the notice of publication to be mailed to defendants whose residences were known.

The primary change in 1963 was the insertion of language to allow for service by mail. Each phrase added for that purpose referred to "address" rather than "residence," presumably recognizing a mailing address could be completely unrelated to the defendant's residence, yet still be effective in providing notice of the suit. The language of the affidavit for service by publication was changed from "names and residences of all defendants known" to "whose names and addresses are known." Therefore, K.S.A. 60-307(*f*), which provides for mailing a copy of the notice of publication to each defendant whose "address" is stated in the affidavit for service by publication, refers to the mailing address.

This interpretation is consistent with the due process standards expressed in *Pierce v. Board of County Commissioners*, 200 Kan. 74, Syl. ¶¶ 5, 6, 434 P.2d 858 (1967), in which the court stated:

"The requirements of due process contemplate that, where feasible, notice of legal proceedings be given by means reasonably calculated to inform all parties having legal rights which might be directly and adversely affected thereby."

"Where the names and addresses of adverse parties are known or easily ascertainable, notice of pending proceedings by publication service, alone, is not sufficient to satisfy the requirements of due process under the 14th Amendment to the federal Constitution or § 2 of the Bill of Rights of the Kansas Constitution."

*Pierce* involved foreclosure of a tax lien for real property taxes for the last half of 1957. Since 1958, plaintiffs had lived in a residence on forty acres in rural Leavenworth County, which was the subject of the tax lien foreclosure. When plaintiffs did not receive the 1958 tax statement, they went to the county treasurer's office, paid the tax and instructed future statements be sent to a particular mailing address. When the county filed the foreclosure action in 1962, a summons was issued but returned unserved by the deputy after a diligent search. Although the county had mailed tax statements to plaintiffs' mailing address for three years, the county did not attempt to notify plaintiffs of the suit by mail. The court held service by publication was inadequate under those facts. *Pierce* was recently cited favorably in *In re Woodard*, 231 Kan. 544, 552, 646 P.2d 1105 (1982).

Factually, the *Pierce* case is very similar to the present case. Here, personal service was unsuccessful, but *defendant's mailing address, though not listed in the affidavit for service by publication, was unquestionably known to plaintiff. Clearly, the due process standards mandate utilization of that address to insure actual notice to defendant.* Plaintiff may not overcome its duty to provide defendant the best notice reasonably possible under the circumstances by merely listing a defendant's residence as unknown in its affidavit for service by publication. Mailing a copy of that publication notice to a known mailing address is also necessary.

Service to Beard was inadequate in this case. It follows that her motion to set aside the judgment of foreclosure and order of sale should have been sustained. This case must be reversed and

remanded to the district court with directions to enter an order in accordance with the dictates of this opinion.

Reversed and remanded with directions.