Irving ROGER, Plaintiff,

v.

**LEHMAN BROTHERS KUHN LOEB,
INC., Defendant.**

No. C–1–83–2012.

United States District Court,
S.D. Ohio, W.D.

Nov. 27, 1984.

Timothy L. Bouscaren, James B. Helmer, Jr., Cincinnati, Ohio, for plaintiff.

Michael P. Graney, Columbus, Ohio, Simpson Thacher Bartlett, Nancy McKenna, New York City, for defendant.

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND CONDITIONALLY GRANTING THE MOTION TO DISMISS

CARL B. RUBIN, Chief Judge.

This matter is before the Court pursuant to defendant's Motion for Dismissal and Partial Summary Judgment (doc. no. 7), which is opposed by plaintiff (doc. no. 11). For the reasons that follow, the Motion for Summary Judgment is denied and the Motion to Dismiss Count II of the Complaint is conditionally granted.

Plaintiff brings this action under § 12(2) of the Securities Act of 1933 ("1933 Act"), 15 U.S.C. § 77l(2) (1982), and § 10(b) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. § 78j(b) (1982). Plaintiff opened a securities account with Lehman representative, Mr. Winters, and now asserts he was defrauded in his dealings with Mr. Winters.

■ Defendant Lehman moves for summary judgment on a number of issues presented in the Complaint. In ruling on a motion for summary judgment, the narrow question that must be decided is whether there is "no genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Rule 56(c) Fed.R.Civ.P. The Court cannot try issues of fact on a summary judgment motion, but is empowered to determine only whether there are issues to be tried. *In Re: Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982). The moving party "has the burden of showing conclusively that there exists no genuine issue as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.1979), *cert. denied*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). Further, the movant's papers are to be closely scrutinized while those of the opponent are to be viewed indulgently. *Adams v. Union Carbide Corp.*, 737 F.2d 1453, 1455–1456 (6th Cir. 1984).

### In Pari Delecto Defense

■ Defendant's initial contention is that plaintiff is barred by the doctrine of *in pari delecto* from recovery under the 1933 and 1934 Acts. It is argued that plaintiff's conduct in participating in the purchase of

224

securities based on what he believes to be non-public information, acquired from Winters, precludes recovery under the federal securities laws.

The Complaint states that Winters represented to plaintiff that Lehman had non-public information because of the number of employees that served on boards of directors of various companies. (Doc. No. 1 at ¶ 13). The defendant, however, "flatly denies that it ever gave plaintiff any material, non-public information." (Doc. No. 7 at 6). In addition to this disputed fact, courts that apply the *in pari delecto* defense to securities fraud do so after a factual foundation has been established. *See e.g., Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 691 (11th Cir.1983); *Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149 (5th Cir.1982), *cert. denied*, 460 U.S. 1013, 103 S.Ct. 1254, 75 L.Ed.2d 483 (1983), *vacated on other grounds*, 460 U.S. 1007, 103 S.Ct. 1245, 75 L.Ed.2d 476 (1983). The *in pari delecto* defense is applied "[o]nly in those cases where it can be fairly said that the plaintiff['s] fault is substantially equal to that of the defendant['s]" and where the objections of the federal securities laws are consistent with the application of the defense. *Tarasi v. Pittsburgh National Bank*, 555 F.2d 1152, 1157 (3d Cir.1977), *cert. denied*, 434 U.S. 965, 98 S.Ct. 504, 54 L.Ed.2d 451 (1977). Furthermore, the application of the *in pari delecto* doctrine rests in the discretion of the district court. *Chemetron*, 682 F.2d at 1182; *Wolf v. Frank*, 477 F.2d 467, 474 (5th Cir.1973), *cert. denied*, 414 U.S. 975, 94 S.Ct. 287, 38 L.Ed.2d 218 (1973). Defendant has not conclusively established that it is entitled to summary judgment on this issue.

### Birnbaum Rule

The defendant has requested dismissal of Counts I and IV of the Complaint because plaintiff alleges that he retained his stock, thereby failing to establish a "purchase" or "sale" of securities, as required under the statutory language of § 10(b) and § 12(2). Plaintiff contends that the payments to meet margin calls were sufficiently related to the purchase or sale of securities to establish standing.

A review of the Complaint provides a summary of several transactions. In December, 1979, and January, 1980, plaintiff alleges he purchased 20,000 shares of an insolvent corporation. (Doc. No. 1 at ¶¶ 15, 17). In early 1980, Winters advised plaintiff to invest in ERG and Cintola (*id.* at ¶¶ 20, 21) which plaintiff did. (*Id.* at ¶ 22). Later, in the autumn of 1981 when margin calls were made for the ERG and Cintola stock, it is alleged that plaintiff did not sell his ERG or Cintola stock to cover the margin but paid cash, in reliance on Winters' representations. (*Id.* at ¶ 28). In December, 1981, in reliance on Winters' false representations, plaintiff purchased additional ERG stock and paid cash for margin calls. (*Id.* at ¶ 34). Plaintiff continued to hold his ERG stock in reliance on Winters' representations while selling other securities. (*Id.* at ¶ 36). From April through July, 1982, plaintiff met the margin calls by selling his ERG/Cintola securities in his account. (*Id.* at ¶ 38).

█ It is well established that only purchasers of securities have standing to sue for violations of § 12 of the 1933 Act, *Kellman v. ICS, Inc.*, 447 F.2d 1305, 1308 (6th Cir.1971), and only purchasers or sellers of securities have standing to litigate a violation of Rule 10(b) of the 1934 Act. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 749, 95 S.Ct. 1917, 1931, 44 L.Ed.2d 539 (1975); *Simmons v. Wolfsen*, 428 F.2d 455, 456 (6th Cir.1970), *cert. denied*, 400 U.S. 999, 91 S.Ct. 459, 27 L.Ed.2d 450 (1971).

Defendant argues that plaintiff's decision not to sell but to retain the stock when the margin calls were made was not a "purchase." In essence, the *Birnbaum* rule requires that plaintiff have actually dealt in a security, either as a purchaser or seller, to have standing to bring a federal cause of action. *Norris v. Wirtz*, 719 F.2d 256, 259 (7th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1713, 80 L.Ed.2d 185 (1984). The *Birnbaum* rule, approved by

the Supreme Court in *Blue Chip,* states that "a plaintiff in a Rule 10(b)–5 case has standing to sue only if a fraudulent activity caused him to buy or sell stock. A person who claims that a fraudulent activity caused him not to buy stock which he otherwise would have bought or not to sell stock which he otherwise would have sold, has no standing to sue under Rule 10(b)–5." *Marsh v. Armada Corp.,* 533 F.2d 978, 981 (6th Cir.1976), *cert. denied,* 430 U.S. 954, 97 S.Ct. 1598, 51 L.Ed.2d 803 (1977).

■ The terms "buy" and "purchase" each include any contract to buy, purchase or otherwise acquire. 15 U.S.C. § 78c(a)(13). An exchange of funds constitutes a purchase under both the 1933 and 1934 Acts. *Baurer v. Planning Group, Inc.,* 669 F.2d 770, 779 (D.C.Cir.1981). The courts are generally inclined to give the terms "purchaser" and "seller" logical and flexible constructions in order to accommodate the purpose of § 10(b). *Superintendent of Insurance v. Bankers Life and Casualty,* 404 U.S. 6, 12, 92 S.Ct. 165, 168, 30 L.Ed.2d 128 (1971); *James v. Gerber Products Co.,* 483 F.2d 944, 948 (6th Cir.1973).

■ This case is distinguishable from *Blue Chip,* where the complainants made no purchase or sale of stock at all. 421 U.S. at 725, 95 S.Ct. at 1920. In contrast, the plaintiff in the instant case allegedly purchased the stock on margin [1] in early 1980 and continued to meet the margin calls by paying cash. In December, 1981, plaintiff allegedly purchased additional stock and transferred further cash payments for the margin calls. This is not a case where the plaintiff has only alleged that he decided not to sell his shares because of a representation of the defendant. *See Blue Stamp,* 421 U.S. at 737–38, 95 S.Ct. at 1926–27. The plaintiff, alleging that he is an actual purchaser and seller of ERG/Cintola stock, has established standing to bring his private cause of action for damages. The issue of whether Winters

made an "untrue statement of a material fact or [omitted] to stated a material fact necessary … in connection with the purchase or sale of any security" involves genuine issues of material fact, thereby precluding summary judgment.

### *Rule 9(b)*

Lehman next asserts that Count II of the Complaint should be dismissed because of plaintiff's failure to allege fraud with particularity. Specifically, defendant states that paragraph 50 of the Complaint is defective in not defining "certain securities" and "principle," not identifying Lehman's position as principle, and not providing dates and prices of the transactions.

Rule 9(b) Fed.R.Civ.P., provides that:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. . . ."

Rule 9(b) must be read in conjunction with Rule 8(a), which requires only a short and plain statement of the claims showing that the pleader is entitled to relief." *Jordan v. Global Natural Resources, Inc.,* 564 F.Supp. 59, 68 (S.D.Ohio 1983). "Circumstances" rather than evidence are required to be plead under Rule 9(b). *See Zaretsky v. E.F. Hutton & Co., Inc.,* 509 F.Supp. 68, 74 (S.D.N.Y.1981). " 'Circumstances' includes such matters as time, place and content of false representations, as well as the identity of the person making the representation and what was obtained or given up thereby." *Bennett v. Berg,* 685 F.2d 1053, 1062 (8th Cir.1982), *cert. denied,* —— U.S. ——, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983).

■ The purpose of Rule 9(b) is to provide fair notice of what plaintiff's claim is and the grounds upon which it rests. *Ross v. A.H. Robins Co., Inc.,* 607 F.2d 545, 557 (2d Cir.1979), *rehearing denied,* 448 U.S. 911, 100 S.Ct. 3057, 65 L.Ed.2d 1140 (1980). "In the context of securities litigation, Rule 9(b) serves an additional purpose. It oper-

---

1. "Margin" is the amount the customer pays when he uses the broker's credit to purchase a security. *Drasner v. Thomas McKinnon Securities, Inc.,* 433 F.Supp. 485, 491 (S.D.N.Y.1977).

In a margin sale, the buyer pays part of the sale price and becomes obligated for the balance of the sale price by agreement with the seller. *Id.*

ates to diminish the possibility that 'a plaintiff with a largely groundless claim [will be able] to simply take up the time of a number of other people [with extensive discovery]'" with the purpose of obtaining a substantial settlement or harming defendant's reputation. *Id.; Decker v. Massey-Ferguson, Ltd.,* 681 F.2d 111, 116 (2nd Cir.1982).

■ The Complaint incorporates the factual allegations included in the previous 48 paragraphs. (Doc. No. 1 at ¶ 49). The Court finds that, with one exception, plaintiff has complied with Rule 9(b) by alleging the circumstances constituting fraud with particularity. Defendant is entitled, however, to the dates of the transactions referred to in paragraph 50. The Complaint fails to allege when, over plaintiff's four years of transacting business with Winters, Lehman took excessive mark-ups on the trades. Defendant's Motion to Dismiss Count II is hereby granted unless plaintiff files an Amended Complaint, within 20 days from this date, in accordance with the Court's direction. *See* Fed.R.Civ.P. 15(a).

### Statute of Limitations Defense

The final argument for summary judgment of the defendant is that Count IV is barred by the statute of limitations. Count IV alleges violations of 15 U.S.C. § 77*l*(2). The statutes of limitations period applicable to that section states in part:

No action shall be maintained to enforce any liability created under section ... 77*l* (2) ... unless brought within one year after discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, .... In no event shall any such action be brought to enforce a liability created under section ... 77*l*(2) ... more than three years after sale.

15 U.S.C. § 77m. Since the Complaint was filed on December 23, 1983, the Court must focus on the circumstances prior to December 23, 1982.

The position of the defendant is that the plaintiff discovered or should have discovered Winters' fraudulent conduct when the plaintiff questioned the president of ERG on March 18, 1982. It is also argued that plaintiff knew or should have known of the fraudulent misrepresentations regarding the margin requirements when the funds were not returned as promised.

■ Generally the question of when a party discovered fraudulent conduct or when he should have discovered it by exercising diligence is a factual inquiry. *See Kramas v. Security Gas & Oil, Inc.,* 672 F.2d 766, 767, 770 (9th Cir.1982), *cert. denied,* 459 U.S. 1035, 103 S.Ct. 444, 75 L.Ed.2d 600 (1982); *Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036, 1042 (10th Cir.1980). In reviewing the Complaint together with all inferences to be drawn therefrom in the light most favorable to the plaintiff, the Court finds that the defendant has not shown conclusively that there exists no genuine issue as to a material fact and that it is entitled to summary judgment as a matter of law.

In conclusion, defendant's Motion for Summary Judgment (doc. no. 7) is hereby DENIED and the Motion to Dismiss Count II is GRANTED if plaintiff fails to amend his Complaint in accordance with this Memorandum.

IT IS SO ORDERED.