**In re UNITED STATES SHOE CORPORATION LITIGATION.**

**Civ. No. C–1–89–0170.**

United States District Court, S.D. Ohio, W.D.

Aug. 28, 1989.

Gene Mesh and Clayton Shea, Cincinnati, Ohio, for plaintiff.

Mark Vander Laan and Joseph Dehner, Cincinnati, Ohio, for defendant.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court on motions to dismiss under Fed.R.Civ.P. 9(b) and 12(b)(6) filed by defendant Merrill Lynch & Co. (Merrill Lynch) (doc. no. 18) and by defendants United States Shoe Corporation (U.S. Shoe), Joseph H. Anderer, Philip G. Barach, Gilbert Hahn, Jr., Lorrence T. Kellar, Albert M. Kronick, John F. Lebor, Phillip L. Lowe, Daniel G. Ross, John L. Roy and Harold O. Toor (doc. no. 21). Plaintiffs have filed an opposing memorandum (doc. no. 24).

Plaintiffs are individuals who purchased shares of U.S. Shoe common stock between August 15, 1988 and February 27, 1989. Plaintiffs allege that during this period of time, defendants undertook a scheme to defraud that had the purpose and effect of artificially inflating the market price of U.S. Shoe common stock. Plaintiffs bring claims under §§ 20 and 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78t and 78j(b)) and Rule 10b–5 alleging that they have sustained damages as a result of defendants' actions.

### Fed.R.Civ.P. 9(b)

Defendants claim that plaintiffs have failed to plead their averments of fraud with particularity as required under Fed.R. Civ.P. 9(b). Rule 9(b) provides that:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally.

Rule 9(b) must be read in conjunction with Fed.R.Civ.P. 8(a). *Roger v. Lehman Bros., Kuhn Loeb, Inc.*, 604 F.Supp. 222, 225 (S.D.Ohio 1984) (Rubin, C.J.); *Shapiro v. Merrill Lynch & Co.*, 634 F.Supp. 587, 593 (S.D.Ohio 1986) (Porter, Sr. J.) Rule 8(a) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. *Id.*

In order to satisfy the requirements of Rule 9(b), the complaint must give

the defendant notice of the nature of the claims against him. *Michael Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 680 (6th Cir.1988); *Shapiro,* 634 F.Supp. at 594 (*quoting Goldman v. Belden,* 754 F.2d 1059, 1070 (2d Cir.1985)). Plaintiff need only plead the circumstances of the fraud with particularity, not the evidence of fraud. *Shapiro,* 634 F.Supp. at 593; *Michael Bldg. Co.,* 848 F.2d at 680, n. 9. At a minimum, plaintiff must allege the time, place and contents of the misrepresentations upon which he relied, as well as the identity of the person making the misrepresentations. *Bender v. Southland Corp.,* 749 F.2d 1205, 1216 (6th Cir.1984) (citations omitted); *Roger,* 604 F.Supp. at 225.

The purposes underlying Rule 9(b) are threefold: (1) to deter the filing of complaints for the purpose of discovering unknown wrongs, *Berman v. Bache, Halsey, Stuart, Shields,* 467 F.Supp. 311, 313 (S.D.Ohio 1979) (Kinneary, J.); (2) to protect potential defendants from damage to their reputations, *Id.;* and (3) to give defendants fair notice of what plaintiff's claim is and the grounds upon which it rests. *Id.; Roger,* 604 F.Supp. at 225.

Plaintiffs make the following allegations of fraud in the amended and consolidated complaint. The directors of U.S. Shoe entered into a scheme to defraud plaintiffs and the putative class members with the intent of preserving their control over the Lenscrafter segment of the company and selling the company's footwear division to insiders. As part of the scheme, the defendant directors made false and misleading statements which created a false impression in U.S. Shoe trading markets that the company would be placed into a "fair auction process"; they failed to disclose material information; and they conducted an unfair and biased auction. Plaintiffs have enumerated statements made by individual defendants on specified dates that were allegedly intended to mislead the investing public into believing that U.S. Shoe was taking all appropriate steps to maximize shareholder value. Among these was an announcement by the defendant directors that U.S. Shoe had retained Merrill Lynch Capital Markets (MLCM), a division and

alleged agent of Merrill Lynch, as its financial advisor to evaluate strategies for maximizing shareholder value, including a possible sale or restructuring of the company.

### Fraud Claims Against Merrill Lynch

The gist of plaintiffs' complaint against Merrill Lynch is contained in paragraph 32 of the complaint. Plaintiffs allege therein that MLCM knew of the director defendants' intent to retain their positions and to not sell the Lenscrafters segment. Plaintiffs claim that MLCM assisted the scheme to defraud by withholding information from interested parties during the auction process and by assisting its affiliate in proposing an insider buyout of the footwear division.

The complaint against Merrill Lynch does not satisfy the requirements of Rule 9(b). Plaintiffs have generally alleged MLCM's role in the scheme to defraud, but have not described its role with sufficient particularity. Plaintiffs have not set forth who at MLCM was involved in withholding information or assisting in the purchase of the footwear division; the dates on which these alleged acts or omissions occurred; where the alleged acts or omissions took place; or any other particular circumstances surrounding MLCM's participation in the scheme to defraud. Thus, the complaint does not give defendant fair notice of the grounds on which the claim against it is based. Nor does it provide assurance that the complaint was not filed against Merrill Lynch in an effort to discover unknown wrongdoing. Therefore, defendant Merrill Lynch's motion to dismiss is hereby GRANTED unless plaintiffs file an amended complaint, within twenty days from this date, in accordance with the Court's direction.

### Fraud Claims Against U.S. Shoe and Its Directors

Plaintiffs' claims against U.S. Shoe and its directors withstand scrutiny under Rule 9(b). Plaintiffs have set forth specific representations they claim to be false or misleading; the dates of those representations, who made them, and where they

were made; and the reasons why such representations were allegedly false or misleading. Accordingly, plaintiffs have plead the circumstances surrounding the alleged fraud with particularity. They need not go further and present evidence of fraud in the complaint. Because the amended and consolidated complaint gives defendants U.S. Shoe and its directors fair notice of plaintiffs' claims against them and the grounds upon which those claims rest, these defendants' motion to dismiss under Rule 9(b) is hereby DENIED.

### Motion to Dismiss Under Fed.R.Civ.P. 12(b)(6)

A Rule 12(b)(6) motion examines whether a cognizable claim has been pleaded in the complaint. Rule 8(a) sets forth the basic federal pleading requirement that a pleading "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976). The objective of Rule 8(a)(2) is to provide the defendant with "fair notice of what plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The familiar standard enunciated in *Jones v. Sherrill*, 827 F.2d 1102, 1103 (6th Cir.1987) states:

In reviewing a dismissal under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied*, 469 U.S. 826 [105 S.Ct. 105, 83 L.Ed.2d 50] (1984). The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle them to relief. *Id.* at 158; *Conley v. Gibson*, 355 U.S. 41 [78 S.Ct. 99, 2 L.Ed.2d 80] (1957).

Although this standard for Rule 12(b)(6) dismissals is quite liberal, more than bare assertions of legal conclusions are ordinarily required to satisfy federal notice pleading requirements. 5 C. Wright & A. Miller, Federal Practice & Procedure § 1357 at 596 (1969). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984) (*quoting In Re: Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir.1981), *cert. dismissed*, 462 U.S. 1125, 103 S.Ct. 3100, 77 L.Ed.2d 1358 (1983)), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985); see also *Sutliff, Inc. v. Donovan Cos.*, 727 F.2d 648, 654 (7th Cir.1984); 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216 at 121–23 (1969). When scrutinizing the complaint, all well-pleaded facts are construed liberally in favor of the party opposing the motion. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

The United States Court of Appeals for the Sixth Circuit recently stated:

"[W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir.1988); *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39 (6th Cir.1988) *quoting, O'Brien v. DiGrazia*, 544 F.2d 543, 546 n. 3 (1st Cir. 1976).[1]

Defendants claim that plaintiffs have failed to state a cause of action under § 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b–5 and § 20 of the 1934 Act.[2] They contend that plaintiffs have alleged nothing more than a state law claim for breach of fiduciary duty.

Section 10(b) of the 1934 Act provides:

---

**1.** Defendants have submitted documents outside the pleadings with their motion to dismiss. The Court has not considered such documents in resolving this motion.

**2.** Defendants have not directly addressed plaintiffs' claims under § 20, but allege only that § 20 depends on an underlying violation of Rule 10b–5.

**648**

It shall be unlawful for any person directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange;

(b) To use or employ, in connection with the purchase or sale of any security ... any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Rule 10b–5 provides:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

(1) To employ any device, scheme or artifice to defraud;

(2) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3) To engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

■ A shareholder cannot recover under Rule 10b–5 for a mere breach of fiduciary duty. *Sante Fe Industries, Inc. v. Green*, 430 U.S. 462, 473–74, 97 S.Ct. 1292, 1300–01, 51 L.Ed.2d 480 (1977); *Panter v. Marshall Field & Co.*, 646 F.2d 271, 288 (7th Cir.) *cert. denied*, 454 U.S. 1092, 102 S.Ct. 658, 70 L.Ed.2d 631 (1981). Further § 10(b) does not cover instances of corporate mismanagement in which the essence of the complaint is that shareholders were treated unfairly by a fiduciary. *Sante Fe*, 430 U.S. at 477, 97 S.Ct. at 1302. Nor is a claim that defendant failed to reveal an improper motive for entering an allegedly wrongful transaction cognizable under Rule 10b–5. *Panter*, 646 F.2d at

288. A federal securities law claim does not lie where plaintiffs merely allege that fiduciaries have failed to act in the shareholders' interest and have failed to disclose their breach of duty to the shareholders. *Id.*

■ A claim of fraud and breach of fiduciary duty states a cause of action under Rule 10b–5 only if the challenged conduct can be fairly viewed as manipulative or deceptive within the meaning of the statute, or as including some element of misrepresentation or nondisclosure. *Sante Fe*, 430 U.S. at 473–74, 475, 476, 97 S.Ct. at 1300–01, 1301, 1302. Manipulation within the meaning of the statute refers to practices that are intended to mislead investors by artificially affecting market activity. *Id.* at 476, 97 S.Ct. at 1302.

■ Plaintiffs allege that defendants engaged in a scheme to defraud with the intention of entrenching themselves in their positions as directors of U.S. Shoe. Actions allegedly taken by the directors of U.S. Shoe for this purpose do not, standing alone, constitute a violation of federal securities laws. Nonetheless, liberally construing plaintiffs' allegations, such allegations constitute more than state law claims that the directors failed to act in the shareholders' interest and failed to disclose their motives to the shareholders. The complaint includes allegations of deception, misrepresentation, and nondisclosure. Plaintiffs claim that U.S. Shoe falsely represented that it would undertake various strategies to maximize shareholder value; that the sale of all or part of the company was a possibility when defendants did not intend to pursue such possibility; and that the company would conduct a fair and open auction when, in fact, it had no intent to do so and failed to do so. The fact that these claimed misrepresentations and omissions were allegedly motivated by the directors' desire to fortify their positions does not reduce plaintiffs' claims of deception and manipulation under the federal securities laws to state law claims for breach of fiduciary duty. This is particularly true since plaintiffs allege that the effect of defendants' misrepresentations and omissions was to dramatically increase the market price of U.S. Shoe common stock, re-

sulting in plaintiffs' purchase of the stock at artificially inflated prices.

In sum, it does not appear beyond a doubt that plaintiffs can prove no facts in support of their federal securities claims which would entitle them to relief. Accordingly, the motion to dismiss filed by defendants U.S. Shoe and its directors under Rule 12(b)(6) is not well-taken.

It is hereby ORDERED that (1) Merrill Lynch's motion to dismiss under Rule 9(b) is hereby GRANTED unless plaintiffs amend the complaint within twenty days, and (2) the motion to dismiss by U.S. Shoe and its directors is hereby DENIED.

IT IS SO ORDERED.