**CONDOR AMERICA, INC., Plaintiff,**

v.

**AMERICAN POWER DEVELOPMENT, INC., et al., Defendants.**

Civ. No. C–1–89–417.

United States District Court, S.D. Ohio, W.D.

Nov. 17, 1989.

**230**

Stephen Colangelo, Washington, D.C., Buechner, Haffer, Cinti Ohio, for plaintiff.

F. Harrison Green, Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, Chief Judge.

In June, 1989, Condor America, Inc. (Condor), filed a complaint against American Power Development, Inc., (APD) and several individual persons alleging several counts of breach of contract, fraud, and negligent misrepresentation (doc. no. 1). APD filed an answer and included a counterclaim styled "RICO violation" (doc. no. 1). Although labeled in totality, "RICO violation", the counterclaim actually raises five counts of which only counts one and two pertain to RICO; counts three and four refer to a theory of lender liability styled "Dominion and Control"; and count five is a breach of contract action.

On August 15, Condor filed a motion to dismiss the counterclaim (doc. nos. 4 & 11) and APD responded (doc. no. 9). This matter is now before the Court.

Both Condor and APD are companies that specialize in energy saving services and equipment and in the supplying of gas and electricity. Condor also finances energy saving programs. In 1987, Condor and APD entered into a series of "positive cash flow leases," whereby Condor would provide financing for several large energy savings projects of APD in the Cincinnati area. Condor alleges that APD claims to have developed a special computer software program that made these projects possible. However, Condor also alleges that APD's software was never functional and as a result the projects did not function properly, and through time, APD has defaulted on its payments of the leases. This is the origin of the original complaint.

APD, in its counterclaim, seems to allege that Condor, along with several non-joined persons, conspired to entice APD into these contracts only for the purpose of stealing the computer technology and forcing APD out of business. This interpretation only arises as a result of APD's responsive motion and not upon the face of the counterclaim itself. The recently filed RICO state-

ment (doc. no. 10) adds little to clarify this problem.

For clarity, this Court will regroup the counterclaim into three parts: the RICO claim, the lender liability theory and the breach of contract claim.

## I. *RICO*

Although the whole of the counterclaim is styled as a "RICO violation" under 18 U.S.C. § 1961 *et seq.*, only counts one and two actually meet this discription. Neither lender liability nor breach of contract fall under the definition of "racketeering activity" in 18 U.S.C. § 1961(1). Condor attacks the RICO allegation under Fed.R.Civ.P. 12(b)(6), as failing to state a claim, as well as under Fed.R.Civ.P. 9(b) for failing to allege fraud with specificity. Rule 12(b)(6) examines whether a cognizable claim has been pleaded in the complaint. Rule 8(a) sets forth the basic federal pleading requirement that a pleading "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976). The objective of Rule 8(a)(2) is to provide the defendant with "fair notice of what plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). The familiar standard enunciated in *Jones v. Sherrill*, 827 F.2d 1102, 1103 (6th Cir.1987) states:

In reviewing a dismissal under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied*, 469 U.S. 826 [105 S.Ct. 105, 83 L.Ed.2d 50] (1984). The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle them to relief. *Id.* at 158; *Conley v. Gibson*, 355 U.S. 41 [78 S.Ct. 99, 2 L.Ed.2d 80] (1957).

Although this standard for Rule 12(b)(6) dismissal is quite liberal, *more than bare assertions of legal conclusions are ordinarily required to satisfy federal notice pleading requirements.* 5 C. Wright & A. Miller, Federal Practice & Procedure § 1357 at 596 (1969) [emphasis added]. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984) (quoting *In Re: Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir.1981), *cert. dismissed*, 462 U.S. 1125, 103 S.Ct. 3100, 77 L.Ed.2d 1358 (1983)), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985); *see also, Sutliff, Inc. v. Donovan Cos.*, 727 F.2d 648, 654 (7th Cir.1984); 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216 at 121–23 (1969). When scrutinizing the complaint, all well-pleaded facts are construed liberally in favor of the party opposing the motion. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

The United States Court of Appeals for the Sixth Circuit recently stated:

"[W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."

*Scheid v. Fanny Farmer Candy Shops, Inc.* 859 F.2d 434 (6th Cir.1988); *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39 (6th Cir.1988), *quoting, O'Brian v. DiGrazia*, 544 F.2d 543, 546 n. 3 (1st Cir. 1976).

Rule 9(b) provides that:

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally.

Rule 9(b) must also be read in conjunction with Fed.R.Civ.P. 8(a). *Roger v. Lehman Bros., Kuhn Loeb, Inc.*, 604 F.Supp. 222, 225 (S.D.Ohio 1984) (Rubin,

C.J.); *Shapiro v. Merrill Lynch & Co.*, 634 F.Supp. 587, 593 (S.D.Ohio 1986) (Porter, Sr. J.). In order to satisfy the requirements of Rule 9(b), the complaint must give the defendant notice of the nature of the claims against him. *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 (6th Cir.1988); *Shapiro*, 634 F.Supp. at 594 (*quoting, Goldman v. Belden*, 754 F.2d 1059, 1070 (2d Cir.1985). Plaintiff need only plead the circumstances of the fraud with particularity, not the evidence of fraud. *Shapiro*, 634 F.Supp. at 593; *Michaels Bldg. Co.*, 848 F.2d at 680, n. 9. At a minimum, plaintiff must allege the time, place and content of the misrepresentations upon which he relied, as well as the identity of the person making the misrepresentation. *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir.1984) (citations omitted); *Roger*, 604 F.Supp. at 225.

The purpose underlying Rule 9(b) are threefold: (1) to deter the filing of complaints for the purpose of discovering unknown wrongs, *Berman v. Bache, Halsey, Stuart, Shields*, 467 F.Supp. 311, 313 (S.D.Ohio 1979) (Kinneary, J.); (2) to protect potential defendants from damage to their reputations, *Id.;* and (3) to give defendants fair notice of what plaintiff's claim is and the grounds upon which it rests. *Id.; Roger*, 604 F.Supp. at 225.

In order to satisfy the racketeering requirement of 18 U.S.C. § 1962, APD must allege a racketeering activity under § 1961. The only such allegation is for mail and wire fraud under § 1961(1)(B). Because both activities are fraud allegations, they must pass scrutiny under both 12(b)(6) and 9(b). Both fail as they are merely bare assertions of legal conclusions.

APD makes the following assertions in its counterclaim:

68. During the period of April, 1987 through to the present, plaintiff, Condor America, Inc., Chris Crittenden and John Does and Jane Does, comprised an enterprise engaged in and whose activities affect interstate commerce and did conduct and participate in its affairs through a "pattern of racketeering activity," as the term is defined in 18 U.S.C. Section 1961(1) and 1961(5), and, in so doing, violated 18 U.S.C. Section 1962 thereby injuring defendants in their business and property.

69. As alleged in paragraphs 12 though 38 above and incorporated herein by reference, defendants, acting as a group and constituting an enterprise as that term is defined in 18 U.S.C. Section 1961(4), devised a device, artiface and scheme to defraud the defendants for the purposes of obtaining from plaintiffs money or property in a manner prohibited by 18 U.S.C. Section 1341 and 1343 and thereby violated 18 U.S.C. Section 1962.

70. Defendants believed and relied upon said false and misleading statements and in so doing were induced to give plaintiff monies and other valuable property.

71. By reason of the foregoing, plaintiff devised and participated in practices, schemes, artifices, devises and conduct which constitutes "racketeering activity" as defined in 18 U.S.C. Section 1961(1) and operated as a fraud and deceit upon defendants and as a result of which plaintiff obtained monies and other valuable property from defendants.

72. In the course of and in furtherance of plaintiff's enterprise and scheme to defraud defendants, plaintiff utilized or caused to be utilized the United States mail and facilities in interstate commerce on two or more occasions and thereby violated 18 U.S.C. Section 1341, 1343 and 1962.

73. By reason of plaintiff's violation of 18 U.S.C. Section 1341, 1343 and 1962 as alleged above, defendants were directly and proximately injured in their business and property. The damages sustained by defendants are believed by them to exceed the sum of $20,000,000 plus interest and costs.

\* \* \* \* \* \*

75. For the purpose of executing the aforesaid scheme to defraud, or attempting to do so, plaintiff utilized or caused to be utilized, the United States mail and facilities in interstate commerce on two

or more occasions and thereby violated 18 U.S.C. Section 1341, 1343 and 1962.

76. During the period of April, 1987 through to the present, plaintiff did conduct and participate in affairs of Condor, an enterprise engaged in and whose activities affect interstate commerce, through a "pattern of racketeering activity," as that term is defined in 18 U.S.C. Sections 1961(1) and 1961(5), through a scheme, artifice and devise to defraud and, in so doing, injured plaintiffs in their business and property. The damages sustained by the plaintiffs are believed to exceed the sum of $20,000,000 plus interest costs.

Nowhere, in APD's allegations, does APD allege, as required, the time, the place, or the content of any fraudulent statement made via wire or mail. Therefore, Condors motion is granted as to the RICO claim, Counts I and II, and they are dismissed.

## II.  *Lender Liability*

■ In Counts III and IV of the counterclaim, APD alleges the following under the heading "dominion and control."

77. Paragraphs 37 through 66 are realleged and incorporated herein by reference.

78. Condor wrongfully controlled and dominated APD, its business and affairs, between July, 1987 and April, 1988, and is therfore strictly liable for all losses and damage suffered by the corporation under such control and domination.

\*   \*   \*   \*   \*   \*

79. Paragraphs 37 through 66 are realleged and incorporated herein by reference.

80. Condor wrongfully controlled and dominated APD, its business and affairs, between July, 1987 and April, 1988. In so doing, it assumed fiduciary duties to the company which it breached by causing the officers of the corporation to do business in accordance with Condor's best interest causing loss and damages to the APD.

These allegations leave both this Court and Condor perplexed. Not only is it un-clear what cause of action is being alleged, but the allegations are so conclusory in nature, that they fail the simple requirements of 12(b)(6) and 8(a). In APD's responsive brief, it makes a vague reference to Schecter, The Principal Principle: Controlling Creditors Should be held Liable for Their Debtor's Obligations, 19 U.C. Davis L.Rev. 875 (1986) in support of this cause of action. Unfortunately, this article has no relevance to the problem in question. The article deals with a proposed theory lender liability on the eve of bankruptcy. It has nothing to do with contracts entered into at an arms length during the normal course of business. In addition, APD provides no other law for support of this claim. As a result, counts III and IV are dismissed as failing to state a claim.

## III.  *Breach of Contract*

Once again, in a one paragraph allegation, APD has failed to allege any specifics and merely rests upon legal conclusion. Merely alleging a breach of contract does not create the cause of action. Count V is therefore dismissed.

### *Conclusion*

Defendants counterclaim is dismissed without prejudice under 12(b)(6) for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.