Verlin SIEFKES, Plaintiff,

v.

Max E. NICHOLS, Brock R. McPherson and Steve Johnson, Defendants.

Civ. A. No. 90–1316–B.

United States District Court, D. Kansas.

Feb. 28, 1992.

---

Edward J. Hund, Cordry, Hund & Hartman, Wichita, Kan., for plaintiff.

Corlin J. Pratt, Grace, Unruh & Pratt, Timothy J. King, Stinson, Lasswell & Wilson, Steven C. Day, Woodard, Blaylock, Hernandez, Pilgreen & Roth, Richard L. Honeyman, F. James Robinson, Jr., Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan., for defendants.

Edward J. Hund, Cordry, Hund & Hartman, Wichita, Kan., for counter-defendant Verlin Siefkes.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter comes before the court on defendants' motions to dismiss (Doc. 48, 50, 53) pursuant to Fed.R.Civ.P. 12(b)(6). Siefkes' complaint alleges a claim under 42 U.S.C. § 1983, as well as four state law claims brought to this court under the supplemental jurisdiction doctrine. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) and 28 U.S.C. § 1367, Pub.L. 101–650. Defendants contend the § 1983 claim fails because plaintiff cannot meet the state action requirement, or alternatively, because the action is an improper collateral attack on a state court judgment.

### FACTUAL BACKGROUND

On October 3, 1988, defendant Max Nichols filed a replevin action in Barton County District Court against Verlin Siefkes. Nichols was represented by defendants Brock McPherson and Steve Johnson. The action was brought to secure possession of an airplane allegedly owned by Nichols, which was in Siefkes' possession. Nichols intended to secure possession of the airplane, sell it and apply the proceeds toward a debt allegedly owed him by Siefkes.

At the time Nichols' petition was filed, defendant McPherson was negotiating with an out-of-state attorney representing Siefkes regarding the debt. Rather than notify Siefkes, through his attorney, of the replevin action, Nichols sought to serve Siefkes by publication pursuant to K.S.A. 60–307. Defendant Johnson, who also represented Nichols, filed an affidavit required by K.S.A. 60–307 stating, in pertinent part, that publication service was required because Siefkes' address could not be reasonably ascertained. Siefkes alleges that the affidavit was untrue because his address was reasonably ascertainable.

Ultimately, the Barton County court entered judgment by default but in the interim, the airplane had been destroyed in a

crash.[1]

On June 26, 1990, Siefkes filed the present action and alleged, pursuant to 42 U.S.C. § 1983, that the defendants had intentionally deprived him of his property under color of state law without due process of law guaranteed by the Fourteenth Amendment because, in essence, he had not been properly served in the Barton County case. Siefkes' complaint also included four supplemental state law claims; conversion, malicious prosecution of a civil action, fraud, and negligence.

### § 1983 Claim

■ In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true all material allegations in the complaint, and must construe the complaint in favor of the complaining party. *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975); *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts to support the theory of recovery that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Grider v. Texas Oil & Gas Corp.,* 868 F.2d 1147, 1148 (10th Cir.1989).

The Fourteenth Amendment to the Constitution provides, in relevant part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law ...

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall

be liable to the party injured in an action at law, suit in inequity, or other proper proceeding for redress ...

Siefkes must establish two elements to recover on his § 1983 claim. First, he must show that he has been deprived of a right secured by the Constitution or laws of the United States (in this case, the Fourteenth Amendment). Second, he must establish that the person depriving him of this right acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). If Siefkes can establish *both* of these elements, then he will have shown that the defendants' conduct constituted "state action" which was under the color of state law and therefore sufficient to support a suit under § 1983. *Lugar v. Edmondson Oil Company,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

■ Siefkes contends his complaint is sufficient to meet this two-element test. He states: "... defendants utilized a constitutionally defective state statute [K.S.A. 60–307] to initiate legal proceedings against the plaintiff without notice, seized and sold the plaintiff's property, and then obtained a default judgment approving their actions, and clearing the title to the property. These basic allegations state a cause of action under 42 U.S.C. § 1983." As will be seen, the court disagrees. While in certain circumstances, a showing that the defendants acted pursuant to an unconstitutional statute would be sufficient to satisfy the first element of the test, K.S.A. 60–307 is not unconstitutional. Moreover, the actions of the defendants, while arguably in violation of plaintiff's due process rights, were not taken under color of state law because no "state action" was involved.

Siefkes relies heavily on *Lugar* to support his argument that his complaint states a cause of action under § 1983. In *Lugar,* a creditor sued a debtor in Virginia state court to collect a debt, and sought prejudgment attachment of certain property of the debtor. Virginia law required a creditor

---

1. The aforesaid facts are taken as true for the purposes of this motion.

seeking attachment to allege, in an *ex parte* petition, a belief that the debtor was disposing of his property to defeat creditors. Pursuant to the petition, a writ of attachment was issued by the clerk of the state court and executed by the county sheriff. A state trial judge later ordered the attachment dismissed because the creditor had failed to establish the statutory grounds for prejudgment attachment. 457 U.S. at 924–25, 102 S.Ct. at 2747. The debtor thereafter brought a § 1983 action against the creditor, alleging the creditor, in attaching his property, had acted jointly with the state to deprive him of his property without due process of law. The United States District Court for the Western District of Virginia dismissed the complaint because it believed there was no "state action" by the creditor sufficient to trigger a violation of the Fourteenth Amendment. *Lugar v. Edmondson Oil Company, Inc.*, No. 78–0020(D) (W.D.Va., *unpub.*, July 14, 1978). The Court of Appeals for the Fourth Circuit, sitting *en banc*, affirmed, but on a different basis. 639 F.2d 1058 (1981). The Court of Appeals held the involvement of the court clerk and the sheriff in effectuating the prejudgment attachment satisfied the "state action" requirement, but the creditor's acts were not taken "under color of state law."

The United States Supreme Court granted certiorari and affirmed in part, and reversed in part. The Court reviewed its previous cases interpreting the "state action" requirement and established the two-element test for determining whether conduct by a private party can be considered state action:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible ... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state

officials, or because his conduct is otherwise chargeable to the State.

457 U.S. at 937, 102 S.Ct. at 2753–54.

There is no question that a plaintiff must satisfy *both* elements in order to pursue a § 1983 claim.

■ Turning to the first element, Siefkes alleges that K.S.A. 60–307 is unconstitutional. While this court must accept all material allegations as true and must construe the complaint in favor of Siefkes, the court does not find this allegation sufficient to satisfy the first element. The question of K.S.A. 60–307's constitutionality is one of law, not fact, and this court is not bound to accept as true allegations which really are legal conclusions. Moreover, Siefkes' bald assertion of unconstitutionality does not logically follow from the facts which he does allege, even when those facts are viewed favorably to him. *In re U.S. Shoe Corp. Litigation*, 718 F.Supp. 643, 647 (S.D.Ohio, 1989).

Siefkes' claim of unconstitutionality, upon which he expands in his memorandum in opposition to defendants' motion to dismiss (Doc. 63, pp. 12 et seq.) is as follows: K.S.A. 60–307(d), which authorizes service by publication in lieu of personal service when the defendant's residence is unknown and not reasonably ascertainable, is unconstitutional because due process ... "require[s] actual notice when the address or whereabouts of the defendants are known or easily ascertainable." (Doc. 63 at p. 14).

This circular reasoning makes no sense. K.S.A. 60–307 specifically provides for the due process protections which Siefkes claims are applicable. It says publication service can be utilized only when the defendant's whereabouts are unknown or not reasonably ascertainable. The statute would be unconstitutional if it did *not* contain such a requirement.

What Siefkes actually is claiming is that the defendants acted contrary to K.S.A. 60–307 and in an unconstitutional manner when they utilized K.S.A. 60–307, because they either knew, or could have easily ascertained, Siefkes' address. These facts, taken as true, do not make K.S.A. 60–307 unconstitutional. Ironically, Siefkes him-

self acknowledges this in his memo by admitting that "the use of an unconstitutional statute implicates the state, and renders the action 'under color of the state law', *where the illegal violation of a state statute does not.*" (Doc. 63, p. 9) (emphasis supplied.)

A somewhat analogous argument was made in *Long v. Citizen's Bank and Trust Co. of Manhattan,* 563 F.Supp. 1203 (D.Kan.1983). In *Long,* the bank filed suit to collect on a promissory note. At the same time, the bank filed an affidavit in support of its application for a prejudgment attachment. The attachment was signed by a deputy clerk of the Kansas court, although the statute (K.S.A. 60–703) required it to be signed by a Kansas District Court Judge. A hearing was subsequently held on the propriety of the attachment, and the court ruled it void. The debtor then filed a § 1983 claim alleging his property interest in his vehicle was injured and deprived him of due process. The court dismissed the claim and reasoned:

> It is obvious that the constitutionality of a state prejudgment attachment scheme is not properly in question when the provisions of that scheme have been disregarded by the private party creditor. Only when the private party creditor has properly invoked the statutory scheme and met its requirements may the deprivation of a property interest properly be traced to that scheme, and only then would the injured plaintiff have standing to challenge the constitutionality of that scheme ... Abuse or misuse of a right or privilege is not the exercise of that right or privilege, and the constitutionality of the state's efforts to provide that right or privilege cannot properly be challenged when it has not been exercised.

563 F.Supp. at 1215.

While the plaintiff in *Long* did not attack the constitutionality of Kansas' prejudgment attachment statute, the aforesaid reasoning still is applicable. A legally invalid attack on a statute's constitutionality is the same as no attack. In this case, Siefkes' factual allegations are that the defendants disregarded the due process requirements of K.S.A. 60–307, *not* that they followed a constitutionally-invalid statute.

It is noteworthy that K.S.A. 60–307 has never been held unconstitutional. On the contrary, the Kansas courts consistently have interpreted K.S.A. 60–307 to require a plaintiff to provide a defendant the best notice reasonably possibly under the circumstances, including mailing a copy of the publication notice to a known mailing address. *Federal Nat'l Mtg. Ass'n v. Beard,* 8 Kan.App.2d 371, 373, 659 P.2d 232 (1983); *In re Woodard,* 231 Kan. 544, 555, 646 P.2d 1105 (1982); *Pierce v. Board of County Commissioners,* 200 Kan. 74, 85–86, 434 P.2d 858 (1967).

Accordingly, the court finds that Siefkes cannot prove any set of facts which would allow him to meet the requirements of element one: that he was deprived of a constitutionally-protected right (here, service of process comporting with due process) by an unconstitutional state statute.

While it is not now necessary to discuss the second element, it may be helpful to put that issue to rest. Siefkes must be prepared to show that the person who deprived him of a constitutionally-protected right was a "state actor." *Lugar* held that the "state actor" question turned on the facts of each case. 457 U.S. at 939, 102 S.Ct. at 2754–55. The court made it clear that invocation by a private party of a state statute, even if the party's actions were groundless, would not make that party a "state actor." 457 U.S. at 940, 102 S.Ct. at 2755.

The facts of this case, viewed most favorably to Siefkes, are that the defendants acted "illegally" by deliberately disregarding the requirements of due process, due process requirements which were present in K.S.A. 60–307. In other words, the defendants, none of whom are state officials, violated a constitutionally-valid statute. Therefore, they cannot be "state actors" and Siefkes cannot prove the second element of the test.

Accordingly, Siefkes has not stated a valid cause of action under § 1983. When the federal law claim is insubstan-

tial, a district court is not to exercise supplemental jurisdiction over state law claims. *Thatcher Enterprises v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir.1990). Siefkes' state law claims are dismissed for lack of supplemental jurisdiction.

The defendants' motions to dismiss (Docs. 48, 50, 53) are granted.

IT IS SO ORDERED.