14 Kan. App. 2d 261 (1990)
788 P.2d 875
IN THE INTEREST OF L.S. and A.J.S., MINOR CHILDREN.
No. 63,816
Court of Appeals of Kansas.
Opinion filed March 16, 1990.
Sheryl L. Cox, of Law Office of James L. Farmer, of Kansas City, for the appellant.
Terra D. Morehead, assistant district attorney, Nick A. Tomasic, district attorney, and Robert T. Stephan, attorney general, for the appellee.
Before ABBOTT, C.J., BRAZIL, J., and C. FRED LORENTZ, District Judge, assigned.
LORENTZ, J.:
C.H., the mother of L.S. and A.J.S., appeals the termination of her parental rights and further appeals the trial court's denial of her motion to reconsider. We reverse and remand for new trial.
C.H. argues that her parental rights should not have been terminated because she was not afforded proper notice and opportunity to be heard. She further argues the trial court erred in denying her motion to reconsider by finding adequate service had been afforded.
*262 The State first argues the natural mother has no standing to appeal the termination of her parental rights because on April 18, 1988, she signed a consent to the adoption of L.S. and A.J.S., which was acknowledged before the administrative district court judge for Wyandotte County. The State argues that such a consent, acknowledged before a judge of a court of record, is irrevocable pursuant to K.S.A. 59-2102(c).
As this court has previously stated, provisions of the adoption statutes must be "strictly construed in favor of maintaining the rights of the natural parents in controversies involving termination of the parent-child relationship." In re Adoption of J.G., 10 Kan. App.2d 483, 485, 702 P.2d 1385, rev. denied 238 Kan. 877 (1985). K.S.A. 59-2102(c) establishes rules between the natural parents and prospective adoptive parents on when and under what circumstances a consent to adoption can be revoked. Treiber v. Stong, 5 Kan. App.2d 392, 396, 617 P.2d 114, rev. denied 228 Kan. 807 (1980). Here, no adoption was ever finalized. The legislature did not intend that a natural parent should lose forever all parental rights to a child if the adoption consented to is not completed. Treiber, 5 Kan. App.2d at 396. We find nothing in the consent by C.H. to an incompleted adoption which would disturb her standing to assert this appeal.
We now turn to the natural mother's arguments that she was not afforded due process. "[J]urisdiction over the person of the defendant can be acquired only by issuance and service of process in the method prescribed by statute, or by voluntary appearance." Davila v. Vanderberg, 4 Kan. App.2d 586, 608 P.2d 1388 (1980). "A parent's right in and to his or her children is of paramount importance and is entitled to due process protection under the Fourteenth Amendment." In re M.L.K., 13 Kan. App.2d 251, Syl. ¶ 1, 768 P.2d 316 (1989).
On January 27, 1989, the district court found that the notice of termination hearing by publication was sufficient. The affidavit of the investigator upon which the court based its authority for publication notice showed the investigator contacted the BPU, the Gas Service Co., Union Gas, Directory Assistance, Wyandotte County Voter Registration, the Wyandotte County Sheriffs Department, and the Kansas City, Kansas, and Kansas City, Missouri, Police Departments in his efforts to locate C.H. No effort *263 was apparently made to contact any relatives of C.H., or any friends or neighbors in the area of her last known address.
K.S.A. 38-1582(c), a section of the code dealing with the procedures for terminating parental rights, states:
"(c) In any case in which a parent of a child cannot be located by the exercise of due diligence, service shall be made upon the child's nearest blood relative who can be located and upon the person with whom the child resides. Service by publication shall be ordered upon the parent."
Before there can be a valid personal service of process by publication in a termination of parental rights action upon a parent who cannot be located by due diligence, this statute must be at least substantially complied with. See Briscoe v. Getto, 204 Kan. 254, 256, 462 P.2d 127 (1969). A reasonable attempt was not made to locate or serve the children's nearest blood relative. If such an attempt had been made, the natural mother might well have been located. We hold this error to be fatal to service in this case. Without such service the State did not have personal jurisdiction over the natural mother. Lack of personal jurisdiction renders the judgment void. Ford v. Willits, 9 Kan. App.2d 735, 743-44, 688 P.2d 1230 (1984), affd 237 Kan. 13, 697 P.2d 834 (1985).
The trial court erred in finding the State had exercised due diligence in attempting to locate the natural mother.
Parents' rights of custody and control of their children are liberty interests protected by the Fourteenth Amendment Due Process Clause. In re Cooper, 230 Kan. 57, Syl. ¶ 1, 631 P.2d 632 (1981). The due process clause requires at a minimum
"`that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case. .. . [W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.'" Pierce v. Board of County Commissioners, 200 Kan. 74, 82-83, 434 P.2d 858 (1967) (quoting Mullane v. Central Hanover Tr. Co., 339 U.S. 306, 313, 315, 94 L.Ed. 865, 70 S.Ct. 652 [1950]).
Due process requires that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover B. & T. *264 Co., 339 U.S. 306, 314, 94 L.Ed. 865, 70 S.Ct. 652 (1950). When the addresses of the parties to be served are easily ascertainable, notice of pending proceedings by publication service, alone, is not sufficient to satisfy the requirements of due process. Federal Nat'l Mtg. Ass'n v. Beard, 8 Kan. App.2d 371, 375, 659 P.2d 232 (1983).
K.S.A. 38-1534(f) mandates that service by publication in proceedings such as these be authorized only after the filing of an affidavit alleging the affiant has made a reasonable effort to ascertain the residence of the parties named. K.S.A. 38-1582(b) requires the trial court to determine due diligence was used in locating interested parties. If the State did not act with due diligence to locate the absent natural mother, then service was improper. See In re Woodard, 231 Kan. 544, 554-55, 646 P.2d 1105 (1982).
The trial court concluded there was due diligence in the State's effort to locate the natural mother. The trial court's findings of fact, if supported by substantial competent evidence, are conclusive on appeal, but the trial court's conclusions of law arising from these facts are subject to unlimited review on appeal. See Hutchinson Nat'l Bank & Tr. Co. v. Brown, 12 Kan. App.2d 673, 674, 753 P.2d 1299, rev. denied 243 Kan. 778 (1988); In re Clark, 76 N.C. App. 83, 86-87, 332 S.E.2d 196 (1985).
It is not necessary to follow a restrictively mandatory checklist for measuring due diligence. What is necessary to a reasonable inquiry will vary from case to case. Due diligence does not require the use of all conceivable means possible to an inquiry into the absent parent's whereabouts. In the context of proceedings to terminate parental rights, the Nebraska Supreme Court has stated what constitutes a reasonably diligent search for the purpose of justifying service by publication. It held it
"[i]s such an inquiry as a reasonably prudent person would make in view of the circumstances and must extend to those places where information is likely to be obtained and to those persons who, in the ordinary course of events, would be likely to receive news of or from the absent person." In the Interest of A.W., 224 Neb. 764, 766, 401 N.W.2d 477 (1987).
Where, as in this case, the State failed to attempt to seek out and contact either relatives or friends and neighbors at the absent mother's last known address in order to inquire as to her current *265 whereabouts, we do not believe due diligence was exercised. In the absence of due diligence, due process is denied and any judgment rendered is void. Sweetser, v. Sweetser, 7 Kan. App.2d 463, 465, 643 P.2d 1150 (1982).
Reversed and remanded for a new trial.