(939 P.2d 937)
No. 77,441

# IN THE INTEREST OF H.C. and K.S.C.

Opinion filed May 16, 1997.

*Timothy J. Grillot*, of Parsons, and *Steven W. Wilhoft*, of Parsons, for appellants.

*Brandi L. Dunning*, assistant county attorney, and *Robert Forer*, county attorney, for appellee.

Before BRAZIL, C.J., LEWIS, J., and JOHN ANDERSON III, District Judge, assigned.

BRAZIL, C.J.: B.C., the natural mother of H.C. and K.S.C., and C.J., the natural father of H.C., appeal from an order terminating their parental rights. We reverse and remand, finding that B.C. and C.J. did not receive adequate notice of the termination hearing.

H.C. and K.S.C. were placed into the protective custody of the Kansas Department of Social and Rehabilitation Services on June 11, 1993, and thereafter adjudicated children in need of care.

Both C.J. and B.C. raise related points of error concerning the State's failure to provide proper service of process of the termi-

nation hearing and the court's subsequent refusal to grant a continuance. Additionally, although C.J. failed to raise the issue, we find the trial court lacked jurisdiction to terminate C.J.'s parental rights due to the State's failure to serve the second motion for termination in accordance with K.S.A. 38-1534.

The State's original motion to terminate parental rights was filed on August 19, 1994. This motion incorrectly alleged that C.J. was the father of K.S.C. The State served the motion and a notice of the termination hearing on both parents by regular mail at their last known address. A continuance followed, and after a hearing in February 1995, the State agreed to not move forward on the severance proceeding. No record of the continuance or the February hearing is contained in the record on appeal. The State filed a second amended motion to terminate parental rights on January 24, 1996, more than a year after the original motion. The second motion correctly states that C.J. is the natural father of H.C., not K.S.C. The State requested a hearing date, which the court set for May 7, 1996, at 10 a.m. The State's motion requested that notice of the hearing be sent to B.C. and C.J. in care of their counsel of record. Counsel notified their respective clients of the hearing date. B.C. appeared at trial, C.J. did not.

On the day of the termination hearing, C.J.'s counsel moved for a continuance due to his client's absence. He also objected to improper service of process. C.J.'s counsel told the court that he had written C.J. a letter informing him of the hearing date and had telephoned C.J. the preceding Thursday to remind him of the hearing. Like C.J., B.C. was notified of the hearing by counsel approximately 1 week prior to trial. B.C. also objected to improper service of process and requested a continuance to allow her adequate time to prepare. The court denied the requests for continuance.

During the lunch break, C.J. appeared in the courtroom and spoke briefly with his counsel. Counsel informed the court that C.J. had to return to work or he would be fired. After questioning by the court, counsel admitted that C.J. appeared to have alcohol on his breath. Later in the hearing, B.C. testified that she had reminded C.J. about the hearing. She also testified that she had no

idea that C.J. had a job, even though they lived together prior to the hearing.

C.J. complains that due to *improper* notice he was denied due process of law. B.C. claims that her notice was both improper and inadequate to allow her to prepare her defense. We find neither parent was afforded due process of law as required by the Fourteenth Amendment.

"The right to adequate notice in judicial proceedings is a fundamental one, guaranteed both by statute and by the Fourteenth Amendment to the Constitution of the United States. Without such notice, due process is denied and any judgment rendered is void." *Sweetser v. Sweetser*, 7 Kan. App. 2d 463, 465, 643 P.2d 1150 (1982). "Due process requires that notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *In re L.S.*, 14 Kan. App. 2d 261, 263, 788 P.2d 875 (1990).

" 'The extent to which procedural due process must be afforded a person is influenced by the extent to which the person affected may be "condemned to suffer grievous loss" and depends upon whether the person's interest in avoiding that loss outweighs the governmental interest in summary adjudication.'" *In re S.M.*, 12 Kan. App. 2d 255, 256, 738 P.2d 883 (1987).

K.S.A. 38-1581 provides that a request for termination of parental rights may be made either in the child in need of care petition or in a later motion for severance. Because a motion to terminate parental rights is akin to an original petition, the motion must be served on the parents in accordance with K.S.A. 38-1534. " 'Jurisdiction over the person of the defendant can be acquired only by issuance and service of process in the method prescribed by statute, or by voluntary appearance.'" *In re L.S.*, 14 Kan. App. 2d at 262.

K.S.A. 1996 Supp. 38-1582 governs the proper procedure to be followed in termination cases. It provides:

"(a) Upon receiving a petition or motion requesting termination of parental rights the court shall set the time and place for the hearing on the request.

"(b)(1) *The court shall give notice of the hearing: (A) As provided in K.S.A. 38-1533 and 38-1534 and amendments thereto;* and (B) to all the child's grandparents

at their last known addresses or, if no grandparent is living or if no living grandparent's address is known, to the closest relative of each of the child's parents whose address is known, which notice shall be given by restricted mail not less than 10 business days before the hearing.

. . . .

*(3) Prior to the commencement of the hearing the court shall determine that due diligence has been used in determining the identity of the interested parties and in accomplishing service of process.*

"(c) In any case in which a parent of a child cannot be located by the exercise of due diligence, service shall be made upon the child's nearest blood relative who can be located and upon the person with whom the child resides. Service by publication shall be ordered upon the parent." (Emphasis added.)

K.S.A. 38-1534 provides several methods to secure proper service of process. Summons, notice of hearings, and other process may be served by personal, residential, restricted mail, or regular mail service. K.S.A. 38-1534(a)-(d). If, after the exercise of due diligence, the parent cannot be located, the court shall order service by publication. Any request for publication service must be accompanied by an affidavit alleging the affiant has made a reasonable effort to ascertain the residence of the parties named. K.S.A. 38-1534(f). In addition to publication, service must be made upon the child's nearest blood relative who can be located and upon the person with whom the child resides. K.S.A. 1996 Supp. 38-1582(c). Before proceeding on a motion to terminate parental rights, the court must determine that due diligence has been used in accomplishing service of process. K.S.A. 1996 Supp. 38-1582(b)(3).

Due diligence requires only such inquiry " 'as a reasonably prudent person would make in view of the circumstances and must extend to those places where information is likely to be obtained and to those persons who, in the ordinary course of events, would be likely to receive news of or from the absent person.' [Citation omitted.]" *In re L.S.,* 14 Kan. App. 2d at 264.

The original motion for termination filed on August 19, 1994, requested that C.J.'s parental rights to K.S.C. be terminated. C.J. is the natural father of H.C., not K.S.C. Thus, service of the original motion on C.J. may have been proper, but the motion was defective in that it failed to apprise C.J. that his parental rights to H.C. were in jeopardy. The second motion for termination correctly listed C.J.

as the natural father of H.C., but the record is devoid of any evidence that valid service of process was had upon C.J. in accordance with the service of process statute. From the record it appears either the State failed to serve the motion at all, or it served the motion on C.J.'s counsel of record. Either way, the court was without jurisdiction to sever C.J.'s parental rights. Lack of jurisdiction renders the judgment void. *In re L.S.*, 14 Kan. App. 2d at 263.

We do not reach a similar conclusion as to B.C.; the original motion was served in accordance with K.S.A. 38-1534, and we have found no jurisdictional defects within that motion. Although the second amended motion may not have been properly served on B.C., the court retained jurisdiction over her person from the date of the first motion for severance. We turn now to the question of whether the notice of the hearing served on B.C.'s counsel meets the essential requirements of due process. We note that these requirements apply equally to C.J. on remand, provided the State is successful in bringing him within the jurisdiction of the court.

K.S.A. 38-1533 does not provide for service of summons, notice of hearings, or other process on counsel of record in lieu of the parent. If the petitioner in an action to sever parental rights knows the whereabouts of the parent, notice of the hearing must be given by one of the ways specified in K.S.A. 38-1534, other than by publication, so that such parent may receive actual notice of the proceeding. See *In re Woodard*, 231 Kan. 544, Syl. ¶ 7, 646 P.2d 1105 (1982) (applying same provision under previous code provision, K.S.A. 38-810a [Ensley 1981]). If, after the exercise of due diligence, the parent cannot be located, the petitioner must file an affidavit with the court in accordance with K.S.A. 38-1534(f) and request that notice of the hearing be effected by publication.

Typically, when an absent parent is served by publication, he or she has been absent from the proceedings throughout, and therefore the absent parent receives notice of both the motion for severance and the notice of the hearing at the same time. In this case, the motion for severance was filed and served prior to the court setting a hearing date. Accordingly, the parents should have been served twice: once to achieve jurisdiction over them, and a second time to give them adequate notice of the hearing. The petitioner

is responsible for locating the whereabouts of the parents for the purpose of issuing a summons, notice of hearings, or other process.

At no time did the State proffer any evidence regarding its inability to provide a current address for B.C. so that she could be served with notice of the hearing. We recognize, however, that B.C. received actual notice of the hearing and was therefore apprised of the pendency of the action in accordance with due process. See *In re L.S.*, 14 Kan. App. 2d at 263. Unfortunately, our inquiry does not end here. Due process also demands that interested parties be afforded an opportunity to present their objections, which includes a reasonable time to prepare a defense to the litigation. See *In re S.M.*, 12 Kan. App. 2d at 256. B.C. was notified of the hearing approximately 1 week before it occurred. She timely objected to service of process and requested a continuance, arguing that she was unable to secure witnesses and documents necessary for her defense. She further testified that she was unable to retrieve her psychiatric medical records from Four County Mental Health due to the lack of adequate notice, and she argues in her brief that she was unable to subpoena two former caseworkers involved in the case.

This matter had been pending for nearly 3 years when the hearing occurred. A reasonable continuance would have assured B.C. of adequate time to prepare her defense against termination. Under the circumstances, we find that the district court abused its discretion in failing to grant B.C.'s timely request for continuance.

Regrettably, due to the failure of the State to comply with the service of process statute to achieve jurisdiction over C.J. and the court's refusal to grant B.C. a reasonable continuance, we have little choice but to reverse and remand for further proceedings. However, if termination of parental rights is contemplated, compliance with K.S.A. 1996 Supp. 38-1582 will be required.

Reversed and remanded for further proceedings.