(40 P.3d 313)

No. 87,861

MIDWEST GAS USERS' ASSOCIATION, *Appellants,* v. THE STATE CORPORATION COMMISSION OF THE STATE OF KANSAS, *Appellee.*

Opinion filed January 11, 2002.

*C. Edward Peterson* and *Stuart W. Conrad,* of Finnegan, Conrad & Peterson, LC., of Kansas City, Missouri, for appellant.

*John McNish,* advisory counsel, *Paula Lentz,* assistant general counsel, and *Susan B. Cunningham,* general counsel, for appellee.

*Niki Christopher,* for intervenor Citizens' Utility Ratepayer Board.

*James G. Flaherty* and *Daniel D. Covington,* of Anderson, Byrd, Richeson, Flaherty & Henrichs, of Ottawa, for intervenor UtiliCorp United Inc., d/b/a Peoples Natural Gas Company and Kansas Public Service Company, and Greeley Gas Company, a division of Atmos Energy Corporation.

*John P. DeCoursey* and *Larry M. Cowger,* of Overland Park, for intervenor Kansas Gas Service Company, a division of ONEOK, Inc.

Before MARQUARDT, P.J., ELLIOTT and BEIER, JJ.

MARQUARDT, J.: Midwest Gas Users' Association (MGUA) appeals the order of the Kansas Corporation Commission (KCC) to

distribute refunds of unlawfully collected ad valorem taxes to low-income residential customers. We affirm.

This court previously found that the KCC did not err when it ordered that distribution of the ad valorem tax refunds should be distributed to low-income individuals. See *Farmland Industries, Inc. v. Kansas Corporation Comm'n*, 29 Kan. App. 2d 1031, 40 P.3d 313 (2001) (opinion written to include *Kansas Industrial Consumers v. Kansas Corporation Comm'n*, No. 87,500). MGUA is essentially using this appeal to request reconsideration of the order in the *Farmland* and *Kansas Industrial Consumers* cases. We incorporate our November 21, 2001, order in that opinion by reference, and in accordance with Supreme Court Rule 7.041 (2001 Kan. Ct. R. Annot. 48), affirm the KCC's order authorizing distribution of ad valorem tax refunds to the designated low-income customers.

In addition to the issues raised in the *Farmland* and *Kansas Industrial Consumers* cases, MGUA claims that the notice in this case of the KCC proceedings was "inadequate to justify taking of the ad valorem taxes."

MGUA is attempting to argue that the rights of consumers who are not parties to this appeal were violated because they received notice of the proposed changes in the distribution plan through a billing insert. MGUA argues that the basic elements of due process, namely, notice and an opportunity to be heard, were not met. See *State v. Wilkinson*, 269 Kan. 603, 608, 9 P.3d 1 (2000). Without notice, due process is denied and the judgment rendered is void. The notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *In re H.C.*, 23 Kan. App. 2d 955, 958, 939 P.2d 937 (1997). Only those who claim infringement of their constitutional rights have standing to raise the issue. See 16 Am. Jur. 2d, Constitutional Law §139, p. 543. MGUA does not have standing to raise this issue.

MGUA was given adequate notice of the KCC hearings. The hearing notice provided MGUA with the time and place of the hearing. MGUA's argument to the contrary is without merit.

MGUA also argues that the KCC's distribution order is unreasonable and not supported by the record. In essence, MGUA is asking this court to reweigh the evidence, which we will not do. An appellate court may not substitute its judgment for that of the administrative agency. So long as the record contains competent evidence in support of the decision of the KCC, its decision is reasonable and must be upheld by this court. The KCC is vested with wide discretion, and its findings have a presumption of validity on review. *Southwest Kan. Royalty Owners Ass'n v. Kansas Corporation Comm'n*, 244 Kan. 157, 165, 769 P.2d 1 (1989).

K.S.A. 2000 Supp. 66-118b limits judicial review of a KCC order to determine whether it is lawful or reasonable. In this case, the order was based on a need by low-income persons and in consideration of the cold winter combined with high gas prices. The KCC order for distribution of the ad valorem taxes is not unreasonable.

On December 17, 1999, the KCC ordered that whenever possible, an attempt should be made to distribute the refunds to the customers who paid the taxes. The KCC order stated that any party could file a petition for reconsideration within 15 days of the date of the order. However, it does not appear that any party to this litigation submitted a petition for reconsideration.

During oral argument before this court, MGUA claimed that the KCC's December 17, 1999, order was a final order and not subject to modification. MGUA failed to preserve this issue for appeal. MGUA did not raise this issue either in its petition for judicial review to the trial court or in its petition for reconsideration to the KCC. See K.S.A. 2000 Supp. 66-118b.

Affirmed.