NOT DESIGNATED FOR PUBLICATION

No. 115,861
115,862
115,863
115,864

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of

C.A.D., a minor under the age of 18 years,
A.N.D., a minor under the age of 18 years,
A.A.D., a minor under the age of 18 years,
Z.W.D, a minor under the age of 18 years.

MEMORANDUM OPINION

Appeal from Jewell District Court; KIM W. CUDNEY, judge. Opinion filed December 16, 2016. Affirmed.

*Chantz N. Martin*, of Frasier, Johnson & Martin, LLC, of Beloit, for appellant natural mother.

*Kevin Leif Phillips*, of Weltmer – Phillips Law Office, of Mankato, for appellant natural father.

*Darrell E. Miller*, county attorney, for appellee.

*Katie J. Schroeder*, of Schroeder Law Office, LLC, of Beloit, for appellee guardian ad litem.

Before SCHROEDER, P.J., BUSER, J., and WALKER, S.J.

*Per Curiam*:  This is a consolidated appeal by H.I., the biological mother, and J.D., the biological father, (collectively the parents) of the district court's judgment terminating the parental rights to their four minor children. The parents raise three issues on appeal. First, they contend the district court violated their constitutional right to due

process of law by applying a presumption of unfitness under K.S.A. 2015 Supp. 38-2271(a)(3), without considering K.S.A. 60-414. Second, they claim the district court abused its discretion when it "failed to adequately consider whether the termination was in the best interest of the children under K.S.A. [2015 Supp.] 38-2269(g)(1)." Third, the father alleges the district court abused its discretion when it denied his motion for a continuance of the trial.

Upon our review, we affirm the district court's judgment terminating mother and father's parental rights to their children. With regard to the presumption issue, we find the parents did not preserve this issue for appellate review or brief why this issue should be addressed for the first time on appeal, and they also failed to appeal the alternative basis for termination found by the district court. As a result, we decline to address the merits of the presumption issue. With regard to the second issue, we find substantial competent evidence that the district court adequately considered and made appropriate findings that termination was in the best interests of the children. Finally, we find no error in the district court's denial of father's motion to continue the trial.

FACTUAL AND PROCEDURAL BACKGROUND

This is a parental termination appeal involving four minor children: A.A.D. (D.O.B. 2003), a female; C.A.D. (D.O.B. 2007), a male; Z.W.D. (D.O.B. 2009), a male; and A.N.D. (D.O.B. 2013), a female. After all four children were adjudged to be children in need of care (CINC) by the District Court of Jewell County, the guardian ad litem (GAL) for the children filed a motion to terminate parental rights on November 23, 2015. The district court held a bench trial on the motion on February 26, 2016, and March 30, 2016. On March 30, 2016, the district court filed an order terminating parental rights. In that order, the district court made three enumerated findings summarizing the evidence presented and the court's reasons for termination:

2

"1. There is a statutory presumption of unfitness based on K.S.A. [2015 Supp.] 38-227l(a)(3). The two oldest children have been adjudicated as [CINC] three times. The third child has been adjudicated as a [CINC] two times. The youngest child has been adjudicated as a [CINC] one time.

"2. Pursuant to K.S.A.[ 2015 Supp.] 38-2269(a), the evidence is clear and convincing that the mother, [H.I.], and father, [J.D.], of the children named above are unfit by reason of conduct or condition which renders the parent[s] unable to care properly for [children] and the conduct or condition is unlikely to change in the foreseeable future. The finding is based on the following facts:

"The family began contact with DCF (SRS) in 2007. The parents were arrested in 2009 which resulted in a [CINC] filing for the oldest two children. Both children tested positive for methamphetamine through hair follicle testing. The parents were arrested in 2011 which resulted in a [CINC] filing for the oldest three children. The two younger children tested positive for methamphetamine through hair follicle testing. The 2011 case was filed just one year after the 2009 case ended.

"In both 2009 and 2011 the parents worked their case plan, but a re-occurrence of the same pattern existed. The parents were arrested for drug offenses, the children had positive hair follicle tests, and the children were removed.

"During the current case, the oldest child is able to describe the domestic violence and drug use that occurred in the home. She is able to describe her parents' behaviors when they are high. The parents are currently testing negative for illegal drugs, but the mother has submitted to positive alcohol tests. The children missed school at the beginning of the 2015-2016 school year. The parents were both unemployed when the case was filed.

"The children are displaying extreme violence in the foster home with one child displaying the behavior of a male aggressor. The children are re-creating the violence that they have witnessed in the parental home. The children are displaying behaviors directly before and after visitation with their parents.

"The court considers that parental rights are a superior right and acknowledges that these children and parents love one another. The court questions how many times do these children have to pay the price for their parents' behaviors? The court finds that the parents minimize what goes on in their home.

3

"The court finds that the parents have had since 2009 to change their behaviors. The court finds the parents have been convicted of drug violations in both 2009 and 2015 cases.

"In making this determination the court considers the parents' use of intoxicating liquor or narcotic or dangerous drugs of such duration or nature as to render the parent unable to care for the ongoing physical, mental, or emotional needs of the children, and a lack of effort on the part of the parent to adjust the parent's circumstances, conduct or conditions to meet the needs of the children.

"3. Considering the physical, mental or emotional health of the children, termination of parental rights is in the best interests of the children named above and the physical, mental or emotional needs of the children would best be served by termination of parental rights. The parental rights of [H.I.] and [J.D.] should be terminated."

The parents filed this timely appeal.

STATUTORY PRESUMPTION OF UNFITNESS (K.S.A. 2015 SUPP. 38-2271[a][3])

For their first issue on appeal, the parents claim the district court committed reversible error when it found the parents were unfit based on the statutory presumption of unfitness provided in K.S.A. 2015 Supp. 38-2271(a)(3). This finding was memorialized in paragraph one of the district court's order as set forth in the Factual and Procedural Background section of this opinion. In particular, the parents contend the district court's failure to consider K.S.A. 60-414 prior to applying the presumption was a violation of their constitutional right to procedural due process. See *In the Interest of J.L.*, 20 Kan. App. 2d 665, 891 P.2d 1125 (1995).

Our standard of review provides that "[w]hen an appeal frames an issue of construction and application of a statute, we have unlimited review." *In re K.R.*, 43 Kan. App. 2d 891, 896, 233 P.3d 746 (2010).

4

At the conclusion of the termination trial, the district court found the parents were unfit to care for their children under the presumption of unfitness set forth in K.S.A. 2015 Supp. 38-2271(a)(3), because the two oldest children had been adjudicated as CINC three times, a third child had been adjudicated CINC twice and the youngest child had been adjudicated once.

K.S.A. 2015 Supp. 38-2271(a)(3) provides in relevant part:

> "It is presumed in the manner provided in K.S.A. 60-414 . . . that a parent is unfit by reason of conduct or condition which renders the parent unable to fully care for a child, if the state establishes, by clear and convincing evidence, that:
>
> . . . .
>
> "(3) on two or more prior occasions a child in the physical custody of the parent has been adjudicated a child in need of care."

On appeal, the parents acknowledge that in the district court they "did not deny that a presumption existed." The parents, however, assert the "critical question that the district court failed to consider was whether K.S.A. 60-414 placed the burden of proof on the GAL or on the parents." In other words, the parents complain that the district court did not advise whether the presumption of unfitness found by the district court was based upon K.S.A. 60-414(a) or (b).

K.S.A. 60-414 provides:

> "Subject to K.S.A. 60-416, and except for presumptions which are conclusive or irrefutable under the rules of law from which they arise, (a) if the facts from which the presumption is derived have any probative value as evidence of the existence of the presumed fact, the presumption continues to exist and the burden of establishing the nonexistence of the presumed fact is upon the party against whom the presumption operates; (b) if the facts from which the presumption arises have no probative value as evidence of the presumed fact, the presumption does not exist when evidence is

5

introduced which would support a finding of the nonexistence of the presumed fact, and the fact which would otherwise be presumed shall be determined from the evidence exactly as if no presumption was or had ever been involved."

The problem identified by the parents is that we have previously held that in order for the statutory presumption of unfitness to be applied in a constitutionally permissible way, the district court must first determine whether the appropriate presumption is found under K.S.A. 60-414(a) or (b). *In re J.S.*, 42 Kan. App. 2d 113, Syl. ¶ 1, 208 P.3d 802. In the case on appeal, the record does not show the district court articulated which subsection was applicable under the circumstances of the case. Because of this omission, the parents contend the district court erred in its decision and the termination order should be reversed.

In response, the State counters that the parents did not object to the district court's omission during the trial and, therefore, they failed to preserve this issue for appellate review. In support of their position, the State points out that mother's counsel made only a passing reference to K.S.A. 60-414(a) and (b) during closing arguments. We agree.

We have reviewed the closing argument of mother's counsel wherein he reviewed the statute and noted that a district court should consider which of the two subsections of K.S.A. 60-414 relate to a presumption of unfitness in parental termination cases. This statement during oral argument was simply explanatory. Of note, father's counsel did not mention K.S.A. 60-414. After the parties concluded their arguments, the district court made its findings orally from the bench and again in its written order. At no time during or after the district court's oral findings, or after the court filed its written order of termination, did counsel for either parent object to the district court's failure to identify the type of presumption of unfitness applicable to this case. Moreover, during the proceedings, neither counsel argued that either subsection (a) or (b) of K.S.A. 60-414 were applicable under the circumstances.

6

The parents' failure to object to the district court's omission is important. As a general rule, issues not raised before the trial court may not be raised on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). The issue of the district court's failure to identify the appropriate presumption in K.S.A. 60-414 was not raised in the district court and, as a result, it was not preserved for appellate review. See *In re K.R.*, 43 Kan. App. 2d at 900.

There is a second reason why appellate review of this issue is not appropriate. On appeal, the parents are raising a procedural due process claim. But constitutional grounds for reversal asserted for the first time on appeal ordinarily are not properly before an appellate court for review. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 729, 317 P.3d 70 (2014). Moreover, our Supreme Court has noted that Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41) requires an appellant raising a constitutional issue for the first time on appeal to affirmatively invoke and argue an exception to the general rule. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). In the present appeal, the parents have not briefed why our court should consider this issue for the first time. Failure to comply with Supreme Court Rule 6.02(a)(5) constitutes an abandonment of the parents' constitutional claim. See 301 Kan. at 1044.

There's a third reason why this issue is not proper for review. The parents have appealed the district court's finding of unfitness based on a presumption provided under K.S.A. 2015 Supp. 38-2271(a)(3). But the district court also found a separate and alternative basis, K.S.A. 2015 Supp. 38-2269(a), to justify termination of parental rights. According to the district court, there was clear and convincing evidence the parents were "unfit by reason of conduct or condition which renders the parent[s] unable to care properly for [children] and the conduct or condition is unlikely to change in the foreseeable future." This finding was memorialized in paragraph two of the district court's order as set forth in the Factual and Procedural Background section of this

opinion. Significantly, the parents did not appeal their termination of parental rights under this separate, alternative basis set forth in K.S.A. 2015 Supp. 38-2269(a).

An appellant's failure to address all of the alternative grounds for the district court's judgment renders the issues on appeal academic and unassailable. See *Greenwood v. Blackjack Cattle Co.*, 204 Kan. 625, 627-28, 464 P.2d 281 (1970) (when district court's decision is based on alternative grounds, appellant's failure to challenge both grounds on appeal "renders unnecessary" a decision on the issue raised); *Parker v. Mid-Century Ins. Co.*, 25 Kan. App. 2d 329, 332, 962 P.2d 1114 (1998) (appellant did not challenge one of the district court's conclusions of law, and the ruling was deemed conclusive).

As to this third reason for not reviewing the parents' presumption issue, we conclude the parents' appeal necessarily fails because even if the district court erred when it did not determine whether the appropriate presumption of unfitness was found pursuant to K.S.A. 60-414(a) or (b), the alternative statutory basis cited by the district court to justify termination, K.S.A. 2015 Supp. 38-2269(a), was not appealed, and this makes unnecessary our review of the parents' first issue. The alternative basis for termination of parental rights—which the parents do not challenge on appeal—is a conclusive, final judgment.

As the State points out, this court addressed a similar factual and legal scenario in *In re J.S.* In that case, as in this appeal, the district court applied the presumption of unfitness without first addressing K.S.A. 60-414. The panel noted that the district court's decision to terminate parental rights was "based on two grounds: application of the statutory presumption, and the determination that [the parent] is unfit under K.S.A. [2015] Supp. 38-2269." 42 Kan. App. 2d at 119. The panel then stated that if sufficient evidence existed "to support the determination based on the statutory factors of [K.S.A. 2015 Supp. 38-2269,] reversal would not be required." 42 Kan. App. 2d at 119. Here, the district court specifically referenced K.S.A. 2015 Supp. 38-2269 as an alternative ground

8

to its finding regarding presumption pursuant to K.S.A. 2015 Supp. 38-2271(a)(3). Thus, under the precedent of *In re J.S.*, if sufficient evidence exists to support the district court's determination based on one or more of the statutory factors of unfitness provided under K.S.A. 2015 Supp. 38-2269(a), reversal is not required.

Assuming this issue had been properly preserved for appellate review, we have no hesitancy in concluding that the evidence of unfitness, considered under K.S.A. 2015 Supp. 38-2269, viewed in the light most favorable to the State, convinces us that a rational factfinder could have found the district court's termination ruling to be highly probable. See *In re K.R.*, 43 Kan. App. 2d at 896 (stating standard of review in parental rights termination appeals).

K.S.A. 2015 Supp. 38-2269(a) provides that a district court may terminate parental rights after finding, based on clear and convincing evidence, "the parent is unfit by reason of conduct or condition which renders the parent unable to care properly for a child and the conduct or condition is unlikely to change in the foreseeable future." Clear and convincing evidence is evidence which shows that the truth of the facts asserted is highly probable. *In re B.D.-Y.*, 286 Kan. 686, Syl. ¶ 3, 187 P.3d 594 (2008). In our review, we do not "weigh conflicting evidence, pass on the credibility of witnesses, or redetermine factual questions." *In re Adoption of Baby Girl P.*, 291 Kan. 424, 430-31, 242 P.3d 1168 (2010).

When considering unfitness under K.S.A. 2015 Supp. 38-2269(b), the district court considers a list of nine nonexclusive factors. The existence of any one of these factors may, but does not necessarily, establish grounds for termination of parental rights. K.S.A. 2015 Supp. 38-2269(f). In its decision to terminate parental rights, the district court considered the factors set forth in K.S.A. 2015 Supp. 38-2269(b)(3) and (8). Specifically, the district court found the parents unfit based on (1) the use of intoxicating liquors or narcotic or dangerous drugs of such duration or nature as to render the parents

unable to care for the ongoing physical, mental or emotional needs of the children under K.S.A. 2015 Supp. 38-2269(b)(3); and, (2) lack of effort on the part of the parents to adjust the parents' circumstances, conduct or conditions to meet the needs of the children under K.S.A. 2015 Supp. 38-2269(b)(8).

As detailed in the district court's order of termination, the court made numerous factual findings tending to prove parental unfitness. We note that in the district court the parents did not contest these findings of fact, nor do they challenge them on appeal. We have carefully reviewed the evidence produced at trial and find there was evidence of unfitness, specifically related to factors K.S.A. 2015 Supp. 38-2269(b)(3) and (8) when viewed in the light most favorable to the State, which convinces us that a rational factfinder could have found the district court's termination ruling to be highly probable. See *In re K.R.*, 43 Kan. App. 2d at 896.

For all of the reasons discussed, we hold this issue was not preserved for appellate review, the parents failed to argue and brief any basis for our court to review this issue for the first time on appeal, and even if the issue was preserved and the district court erred with regard to the presumption issue, the alternative statutory basis cited by the court to justify termination, as set forth in K.S.A. 2015 Supp. 38-2269(a), which was well-supported by the evidence, was not appealed, rendering our review of the presumption issue unnecessary.

FINDING THAT TERMINATION WAS IN THE CHILDREN'S BEST INTERESTS

For their second issue, the parents contend the district court "failed to adequately consider whether the termination was in the best interests of the children under K.S.A. 2015 Supp. 38-2269(g)(1)." The State counters that there was abundant testimony that the children's mental and emotional needs were not being met because of the parents'

10

longstanding illegal drug use and the children's witnessing of that drug use and domestic violence in the home.

Once a district court has found parents unfit, it must then "consider whether termination of parental rights as requested in the petition or motion is in the best interests of the [children]." K.S.A. 2015 Supp. 38-2269(g)(1). A district court is in the best position to determine children's best interests because it considers the evidence directly and, as a result, our court will overturn a termination decision only if the district court abused its discretion. *In re K.P.*, 44 Kan. App. 2d 316, 322, 235 P.3d 1255 (2010). A district court abuses its discretion when it bases a decision on a legal or factual error, or when no reasonable person would take the district court's position. *In re R.S.*, 50 Kan. App. 2d 1105, 1113-16, 336 P.3d 903 (2014).

The district court, in addition to finding clear and convincing evidence that the parents were unfit, also found that termination of parental rights was in the best interests of their children. In its written findings, the district court stated:

> "Considering the physical, mental or emotional health of the children, termination of parental rights is in the best interests of the children named above and the physical, mental or emotional needs of the children would best be served by termination of parental rights."

Moreover, at the conclusion of the bench trial, and after reviewing the facts supporting its finding of unfitness under K.S.A. 2015 Supp. 38-2269, the district court stated:

> "Based upon all these factors, the Court has gone over, considering the physical, mental and emotional health of [the] children, the Court finds that it is in [the children's] best interest to terminate parental rights so that they can reach some level of stability

11

without a repeating pattern every year or two of being taken from their home while the parents relapse and repeat the pattern over and over again."

While noting the love between the parents and children, the district court then posed an important rhetorical question: "[H]ow many times do the kids pay the price for the parental drug addiction?"

On appeal, the parents assert that while the district court stated that termination was in the best interests of the children, "[t]he district court fell short, however, of actually considering the *best interests of the children*." In support, the parents cite *In re K.R.* In that case, our court found the district court failed to consider whether termination of parental rights was in the best interests of the children when it ruled that "'past actions [of Mother] reflect[ed] an inability to carry through with her day-to-day obligations for the benefit and best interests of [the children].'" 43 Kan. App. 2d at 903-04. The court found that a parent's inability to complete certain obligations that were in her children's best interests did not necessarily mean termination of parental rights was in the children's best interests. 43 Kan. App. 2d at 904.

The case on appeal is readily distinguishable from *In re K.R.* First, unlike the district court ruling in that case, both the written and oral findings of the district court in this case clearly reveal that it considered the best interests of the children. Second, in *In re K.R.*, our court noted the case facts contained "no allegations of abuse, no allegations of addiction, [and] no allegation of filthy living conditions." 43 Kan. App. 2d at 904-05. Yet, the evidence in the present case reveals aspects of the very unfitness which was absent in *In re K.R.* Third, the GAL in *In re K.R.*, "vigorously advocated against termination and for immediate reintegration," unlike the G.A.L. in the present case who filed the motion to terminate parental rights. 43 Kan. App.2d at 904.

12

The parents also allege that the district court failed to consider the bond between themselves and their children and ignored the emotional trauma the children would suffer if the court terminated parental rights. As the State correctly notes, however, the parents' argument does not reflect the facts set forth in the record. The district court specifically noted that "these children and parents love one another." Yet, the district court noted that the children bore witness to domestic violence and drug abuse. The district court also heard testimony regarding the unhealthy mental, emotional, and physical state of the children from various witnesses, including a social worker, school counselors, the family's reintegration case manager, and the children's therapist. Indeed, the children's therapist specifically testified to the children's extreme violence and rage as their reactions to being exposed to drug use and domestic violence.

Kansas courts have long recognized the value of the bond between parents and their children. See, *e.g., State ex rel., Secretary of SRS v. Bohrer*, 286 Kan. 898, 915, 189 P.3d 1157 (2008) ("'the termination of parental rights is an extremely serious matter'"); *In re Adoption of I.H.H.-L.*, 45 Kan. App. 2d 684, 689, 251 P.3d 651 (2011) ("The termination of parental rights in Kansas is a serious and permanent legal step that severs natural parental bonds forever."). Nevertheless, we conclude the record shows the district court considered the evidence and did not abuse its discretion when it determined that termination of parental rights was in the best interests of the children.

DENIAL OF FATHER'S MOTION TO CONTINUE TRIAL

Finally, father contends the district court abused its discretion when it denied his motion for continuance of trial. The State responds that father's counsel had sufficient time—more than 6 weeks—to prepare for trial.

K.S.A. 2015 Supp. 60-240(b) gives a district court authority to "continue an action at any stage of the proceedings on just terms" if it finds good cause for the motion.

Appellate review turns on the question of whether the district court abused its discretion in its ruling that the motion was not supported by good cause. See K.S.A. 2015 Supp. 60-240(c)(B)(3) (the granting or denial of a continuance "is discretionary in all cases"); *Miller v. Glacier Development Co.*, 284 Kan. 476, 494, 161 P.3d 730 (2007). Courts must take all circumstances into account when ruling on a motion for continuance, including the applicant's good faith, the applicant's showing of due diligence, and the lawsuit's timetable. *In re J.A.H.*, 285 Kan. 375, 385, 172 P.3d 1 (2007). Notably, K.S.A. 2015 Supp. 38-2201(b)(4) provides that in CINC proceedings the "code shall be liberally construed to carry out the policies of the state which are to . . . acknowledge that the time perception of a child differs from that of an adult and to dispose of all proceedings under this code without unnecessary delay."

At the outset of this case, the parents had the same counsel. However, given potential conflicts of interest, at a hearing on January 12, 2016, the district court appointed new counsel for father and informed father's counsel of the trial scheduled for February 26, 2016. On February 16, 2016, father's counsel filed a motion for continuance, noting that he was putting together a list of witnesses and it was "not possible . . . to track down individuals and obtain their presence for a trial, to prepare, and review material." Additionally, father's counsel sought additional time to prepare for trial.

The State objected to the motion, arguing that it had subpoenaed nine witnesses for the trial on February 26, 2016, "had made contact with each witness and each is prepared for trial on that date." The State also contended that a continuance would "increase[] the stress and anxiety of the children as they are aware of the upcoming termination of parental rights hearing as originally scheduled for February 26, 2016."

Following a telephone conference on February 22, 2016, the district court denied father's motion for continuance, stating that "the court must weigh the need for counsel for time to prepare versus best interests of the children." The district court also noted that

the GAL advised "the children's therapist states delaying the trial would be harmful to the children." Finally, the district court advised the parties that if the trial lasted longer than 1 day, it would be necessary to reschedule the continuation of the trial for a later date.

Trial commenced on February 26, 2016. At the end of the day, by agreement of the district court and parties, the trial was continued until March 23, 2016. That date was later continued to March 30, 2016, due to a conflict on the district court's docket.

Father argues that denial of the motion for continuance was a violation of his due process rights. In support, he cites *In re H.C.*, 23 Kan. App. 2d 955, 939 P.2d 937 (1997), wherein the district court notified the parent of a termination trial only 1 week in advance. The parent objected to this short notice, arguing that it did not give her sufficient time to secure witnesses and documents necessary for her defense. Our court agreed, stating that a reasonable continuance would have protected the parent's due process rights. 23 Kan. App. 2d at 961.

The facts of this case are distinguishable from those presented in *In re H.C.* In the present case, the district court provided father's counsel about 6 weeks to prepare for trial. After only 1 day of trial, the matter was continued for an additional 4 weeks which allowed father's counsel additional time to locate witnesses and prepare for the presentation of his case in chief. Of note, during this intervening time period, father's counsel never reasserted his motion to continue the trial.

Finally, on appeal, father makes no specific claim of prejudice that adversely affected his legal rights. On the other hand, the district court clearly was concerned about the potential prejudice to the four children given their therapist's opinion that a trial delay would be harmful to them.

In light of K.S.A. 2015 Supp. 38-2201(b)(4), it was reasonable for the district court to deny father's motion for continuance. We find no abuse of discretion.

Affirmed.