NOT DESIGNATED FOR PUBLICATION

No. 121,016

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interest of J.P.,
A Minor Child.

MEMORANDUM OPINION

Appeal from Ellis District Court; BLAKE BITTEL, judge. Opinion filed November 1, 2019. Affirmed.

*J. Alex Herman*, of Herman Law Office, P.A., of Hays, for appellant natural mother.

*Charlene Brubaker*, assistant county attorney, for appellee.

Before ATCHESON, P.J., MALONE, J., and DANIEL D. CREITZ, District Judge, assigned.

PER CURIAM: Mother appeals the termination of her parental rights for her child J.P., born in 2004. She claims that the district court did not successfully provide service to give her adequate notice of the child in need of care (CINC) case, depriving the court of personal jurisdiction to later terminate her parental rights. The State argues that the appeal should be dismissed because the district court served a copy of the motion for termination, as well as the previous substantive pleadings in the case, on Mother while she was incarcerated. We find that Mother was properly served, and the court had personal jurisdiction to terminate her parental rights. We affirm the district court's order terminating Mother's parental rights.

1

*Factual and Procedural Background*

In March 2017, the State filed a CINC petition, alleging that J.P. had not been attending school as required by Kansas law. About two weeks later, the State filed an amended CINC petition, alleging additional factors under K.S.A. 2018 Supp. 38-2202(d)(1), (2), and (3). That same day the district court issued an ex parte order of protective custody, placing J.P. in the temporary custody of the Department for Children and Families (DCF).

On April 12, 2017, a return of service came back incomplete because Mother's whereabouts were unknown. The next day, the district court set a temporary custody hearing for April 17 and sought to give Mother oral notice of the hearing by telephone, but there was no answer and no voicemail service set up.

On April 14, 2017, Mother contacted J.P. on his cell phone but she refused to talk to anyone from St. Francis Community Services (SFCS) and would hang up when SFCS tried to speak to her. Mother reported that she was getting on a bus at 6 p.m. to travel to Oklahoma "where she would be taking care of her warrants." Later that day, J.P. called Mother, and Mother told him she was on the bus but did not provide any other information.

On April 17, 2017, the district court held the temporary custody hearing as scheduled but Mother was not present. The district court ordered J.P. to stay in DCF's custody and scheduled the CINC adjudication hearing for June 16, 2017.

On May 30, 2017, J.P. told his caseworker that Mother was in jail in Kansas. SFCS conducted an online jail search but did not find any information to verify Mother's incarceration.

At the June 16, 2017 hearing, with neither parent present, the district court adjudicated J.P. as a CINC. The district court ordered J.P. to remain in DCF custody.

On June 26, 2017, J.P. reported to SFCS that he saw Mother at the Salina city pool the previous weekend. Mother told J.P. that she "was going to do what it takes" to keep him in her custody. SFCS tried to call Mother but the last known phone number they had for her was disconnected.

On July 7, 2017, the district court issued an order of disposition for the case with a concurrent goal of reintegration and adoption. Neither parent was present at this hearing.

At a review hearing in September 2017, the district court appointed Alex Herman to represent Mother. At a review hearing in April 2018, in the presence of Herman, the district court found that reintegration was no longer a viable goal. At a July 2018 review hearing, in the presence of Herman, the district court noted that the State should move to terminate the parental rights of both parents. At an October 2018 review hearing, in the presence of Herman, the district court noted that the State "need[ed] to get termination filed ASAP."

On November 2, 2018, the State filed a motion for finding of unfitness and termination of parental rights with the district court. A sheriff's return of service came back on November 5 showing that Mother was personally served with a copy of the motion while in custody at the Trego County Jail, as well as with copies of both CINC petitions, the Ex Parte Order of Protective Custody, the Journal Entry of Temporary Custody, the Journal Entry and Order of Adjudication, the Journal Entry and Order of Disposition, and the Notice of Pretrial and Trial.

At a January 2019 pretrial conference, Mother appeared for the first time in person with Herman. The district court acknowledged that Mother had been personally served, to

which Herman agreed. The district court scheduled a trial on the motion for termination for February 8, 2019, which was later rescheduled to February 12, 2019.

The district court conducted the trial as scheduled with Herman present. Mother was not present. After Herman objected to termination of Mother's parental rights, the district court accepted the State's proffer, finding that Mother was unfit as a parent and that termination was in J.P.'s best interests.

Mother timely appealed.

*Did the District Court Have Jurisdiction to Terminate Mother's Parental Rights?*

Mother's only argument on appeal is that the district court lacked jurisdiction to terminate her parental rights because the court failed to provide service to give her adequate notice of the previous proceedings in the action. Although she admits that the district court personally served her with a copy of the motion for finding of unfitness and termination of her parental rights, Mother contends that she had no notice of any of the previous proceedings in the case. She asks this court to remand the matter with instructions to devise a reintegration plan to reunite her with J.P.

The State asserts that the district court had personal jurisdiction over Mother because the court served her with copies of every substantive pleading and order issued in the case—including the motion for termination of parental rights—in November 2018. Although the State is correct that serving a parent with a copy of a motion for finding of unfitness and termination of parental rights gives the district court personal jurisdiction over that parent, resolving this appeal requires additional considerations. See K.S.A. 2018 Supp. 38-2267(b); see also *In re L.S.*, 14 Kan. App. 2d 261, 262, 788 P.2d 875 (1990) ("'[J]urisdiction over the person of the defendant can be acquired only by issuance and service of process in the method prescribed by statute, or by voluntary appearance.'").

4

K.S.A. 2018 Supp. 38-2267(b) provides:

"(1) The court shall give notice of the hearing: (A) To the parties and interested parties, as provided in K.S.A. 2018 Supp. 38-2236 and 38-2237, and amendments thereto; (B) to all the child's grandparents at their last known addresses or, if no grandparent is living or if no living grandparent's address is known, to the closest relative of each of the child's parents whose address is known; (C) in any case in which a parent of a child cannot be located by the exercise of due diligence, to the parents nearest relative who can be located, if any; and (D) to the foster parents, preadoptive parents or relatives providing care.

"(2) This notice shall be given by return receipt delivery not less than 10 business days before the hearing. Individuals receiving notice pursuant to this subsection shall not be made a party or interested party to the action solely on the basis of this notice.

"(3) The provisions of this subsection shall not require additional service to any party or interested party who could not be located by the exercise of due diligence in the initial notice of the filing of a petition for a child in need of care."

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017). To the extent that answering this question involves statutory interpretation, appellate review is also unlimited. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

A parent has a constitutionally protected liberty interest in the relationship with his or her child. See *Santosky v. Kramer*, 455 U.S. 745, 753, 758-59, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982); *In re B.D.-Y.*, 286 Kan. 686, 697-98, 187 P.3d 594 (2008). A district court obtains subject-matter jurisdiction in a CINC proceeding once the initial petition is filed in compliance with K.S.A. 2018 Supp. 38-2203. Mother does not contest the district court's subject-matter jurisdiction, so this court did not review the district court's subject-matter jurisdiction.

5

*Mother fails to show that the district court did not comply with the statutory service requirements for the motion to terminate her parental rights.*

As correctly pointed out by Mother, once filed, the district court must serve the summons and a copy of the CINC petition on a parent. See K.S.A. 2018 Supp. 38-2236(a). Similarly, and more important for the issue before this court, the district court must give adequate notice to parents upon the filing of a petition or motion requesting termination of parental rights of a minor child by seving them a copy of the petition or motion. See K.S.A. 2018 Supp. 38-2267(b). That statute also requires the district court to exercise due diligence when attempting to effectuate personal service. See K.S.A. 2018 Supp. 38-2267(c).

Here, the record reflects that the district court served Mother with a copy of the motion for finding of unfitness and termination of parental rights while she was incarcerated at the Trego County Jail on November 5, 2018. The termination hearing was held on February 12, 2019. Mother received more than 10 days' notice of her termination hearing. See K.S.A. 2018 Supp. 38-2267(b)(2). As a result, the district court obtained personal jurisdiction over Mother upon service of the motion for termination. Mother does not raise any substantive challenges to the district court's order terminating her parental rights to J.P. Having determined that the district court had subject matter and personal jurisdiction to terminate Mother's parental rights, all other issues raised by Mother are moot.

We affirm the district court's order terminating Mother's parental rights.

6