NOT DESIGNATED FOR PUBLICATION

No. 128,892

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interests of A.W. and B.W.D.,
Minor Children.

MEMORANDUM OPINION

Appeal from Cowley District Court; CHRISTOPHER SMITH, judge. Submitted without oral argument. Opinion filed March 13, 2026. Affirmed.

*Laura E. Poschen*, of Poschen Law, LLC, of Wichita, for appellant natural mother.

*Ian T. Otte*, deputy county attorney, for appellee.

Before PICKERING, P.J., CLINE, J., and CAREY L. HIPP, District Judge, assigned.

PER CURIAM:  A.D. (Mother) timely appeals the district court's denial of her request for a continuance of the termination hearing at which the district court ultimately terminated her parental rights to her two children, A.W. and B.W.D. Mother argues that the district court abused its discretion by denying the continuance and the denial was not in the best interests of the children. After a thorough review of the record, we find no error in the district court's decision. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2022, Mother gave birth to B.W.D. in her home without medical assistance. Mother and B.W.D. were later admitted to a hospital. Once there, Mother took a urine analysis (UA) drug screening and tested positive for amphetamines and THC.

1

During a subsequent investigation by the Kansas Department for Children and Families (DCF), Mother admitted that she smoked methamphetamine two days before B.W.D.'s birth. She also reported that she first learned she was pregnant around two months earlier and tested positive for amphetamines and THC about one month before B.W.D.'s birth. Mother had another child, A.W., who was born in 2019. However, sometime before B.W.D.'s birth, Mother signed a written agreement that gave her mother (Grandmother) permission to care for A.W. until she got her drug use under control.

A child in need of care petition was filed in these cases on July 22, 2022. The district court adjudicated A.W. and B.W.D. as children in need of care on August 12, 2022, and a case plan goal of reintegration was established. The district court held a dispositional hearing on October 26, 2022. The district court ordered that the children remain in DCF custody. By May 2023, Mother entered inpatient drug treatment. The district court noted this improvement and ordered that reintegration remain as the case plan goal. However, by August 2024, the State announced its intention to file a motion to terminate Mother's parental rights. The State filed its motion to terminate Mother's parental rights on December 20, 2024. The district court tentatively scheduled a termination hearing for October 16, 2024. The day before, Mother's attorney filed a motion to withdraw as counsel, informing the district court that he accepted a new legal position in Oklahoma. The district court appointed J.T. Seitz to replace Mother's counsel and continued the termination hearing to January 29, 2025. The termination hearing proceeded as scheduled on January 29. At the beginning of the hearing, Mother requested a continuance. The district court denied Mother's motion and the hearing proceeded. Ultimately, the district court found Mother unfit to parent A.W. and B.W.D. and terminated her parental rights related to both children.

Mother timely appeals.

ANALYSIS

*Standard of Review*

Mother does not challenge that the district court's decision to terminate her parental rights is insufficiently supported by evidence. Her only argument is that the district court erred in denying her request for a continuance. An appellate court reviews the denial of a continuance for an abuse of discretion. *In re J.A.H.*, 285 Kan. 375, 384, 172 P.3d 1 (2007); see *In re Adoption of J.A.B.*, 26 Kan. App. 2d 959, 964, 997 P.2d 98 (2000). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *In re A.S.*, 319 Kan. 396, 400, 555 P.3d 732 (2024).

The district court's discretion to grant a continuance "is bound by due process requirements that interested parties be afforded an opportunity to present their objections, which includes a reasonable time to prepare a defense to the litigation." *In re L.F.*, No. 124,157, 2022 WL 1122691, at *7 (Kan. App. 2022) (unpublished opinion); see *In re H.C.*, 23 Kan. App. 2d 955, 961, 939 P.2d 937 (1997). "Whether an individual's due process rights were violated is a question of law subject to de novo review." *In re Adoption of B.J.M.*, 42 Kan. App. 2d 77, 81, 209 P.3d 200 (2009).

*Discussion*

Kansas law imposes heightened requirements for continuances in child in need of care proceedings. K.S.A. 38-2246 requires "good cause" for any continuance, mandating that "[a]ll proceedings under this code shall be disposed of without unnecessary delay." After a termination motion is filed, K.S.A. 38-2267(a) states: "A continuance shall be granted only if the court finds it is in the best interests of the child." The district court

"'must consider all circumstances, particularly such matters as the applicant's good faith, his showing of diligence, and the timetable of the lawsuit.'" *In re J.A.H.*, 285 Kan. at 385.

Mother acknowledges parents are not guaranteed unlimited continuances in child in need of care cases. See *In re L.F.*, 2022 WL 1122691, at *6-7. However, Mother contends that she showed good cause for the district court to continue the proceedings to allow her time to present her defense. Specifically, she claims that the circumstances showed she needed additional time to prove that "inconsistent efforts by [The Family Services (TFI)] and personal biases of case workers" frustrated her ability to progress in her reintegration plan. Mother argues that the evidence she provided to Seitz days before the termination hearing contained important nonduplicative materials, so a short continuance was necessary to allow a proper review of those materials. She argues that had Seitz properly reviewed the new evidence, he could have impeached the credibility of the State's only witness and rebutted the State's asserted grounds for termination. She also emphasizes that she was appointed 4 different attorneys and assigned between 5 to 10 case workers throughout these proceedings. Additionally, Mother argues that the district court wrongly denied her continuance request without first reviewing the new materials.

In raising these points, Mother does not suggest that the district court relied on any legal or factual errors in making its decision. Instead, she argues only that the district court's decision not to grant a short continuance was unreasonable under the circumstances. We do not agree that no reasonable person would take the view adopted by the district court. Cf. *In re I.B.*, No. 125,394, 2023 WL 2196477, at *3-4 (Kan. App. 2023) (unpublished opinion) (rejecting appellate claim that district court abused discretion in denying a continuance to allow Mother time to gather hospital records and drug test results for her defense). Mother fails to show the district court abused its discretion.

4

The State has an interest in protecting minor children. See *In re J.L.*, 20 Kan. App. 2d 665, 675, 891 P.2d 1125 (1995). As a part of this, the State must ensure that the children have some stability in their lives, which means cases need to be completed in a timely manner. "It is a long established rule that timing in these cases should be considered in 'child time' rather than 'adult time.' *In re D.T.*, 30 Kan. App. 2d 1172, 1175, 56 P.3d 840 (2001)." *In re S.D.*, No. 116,185, 2017 WL 2001662, at *7 (Kan. App. 2017) (unpublished opinion); see K.S.A. 38-2201(b)(4).

These proceedings began in July 2022. At that time, B.W.D. was only a newborn and A.W. was around three years old. Mother argues that she should have been granted at least a short continuance to review the new materials in support of her defense. However, the children's very young ages show a speedy resolution was clearly in their best interests. The termination hearing was set in January 2025, so this case had already been ongoing for around two and a half years when Mother requested additional time.

The district court correctly noted that Seitz was appointed to represent Mother around three months before the termination hearing. And Mother did not provide a basis for not turning the materials over to Seitz sooner. Also, although Seitz requested more time to review the new materials, he explained that he had appropriately reviewed the remaining evidence. Mother, her long-standing neighbor, and Grandmother also testified about the allegedly improper actions and inconsistent efforts that TFI's case workers made throughout these proceedings. It is unclear what, if any, support the new materials could have provided on these matters. Regardless, the district court considered Mother's testimonial evidence regarding TFI's alleged wrongdoings before making its final decision.

Moreover, the primary concern regarding Mother's ability to care for A.W. and B.W.D. centered on Mother's drug use and efforts toward sobriety. Mother did not indicate in her request for a continuance that the new materials provided any proof

regarding her efforts to address her addiction issues. Rather, Mother indicated—through her and Grandmother's testimony—that the new materials provided evidence that TFI made false or inaccurate reports about certain drug screenings and other matters.

The district court acknowledged these allegations and explained that regardless of their veracity, Mother's actions supported its findings of unfitness. As the district court noted, Mother provided some clean UAs and attended inpatient therapy earlier on in these proceedings. However, Mother admittedly refused to take several drug tests and failed over 30 of the tests that she did take. After March 2024, Mother never provided any negative drug test results. She also admitted at the termination hearing that she used drugs around a week before the termination hearing.

Finally, Mother summarily argued in the district court that a continuance was in the children's best interests. However, she failed to convincingly make that showing in the district court. She now also fails to show that the district court abused its discretion in rejecting this argument.

Affirmed.